ADAM MAYBEE AND DANIEL HASLEY v. PATRICK TREGENT.

*Indorsement of a bill of lading—Bill of exceptions.*

An indorsement of a bill of lading does no more than assign the shipper's obligations and the property called for by the bill; it does not bind the indorser to do anything toward forwarding the property, or impose upon him any duty.

The transferee of a fictitious bill of lading, or of one fraudulently transferred, has no remedy against an indorser unless for the special wrong.

A bill of exceptions should show the precise theory of the case, and the issues should not be confused.

Error to Wayne. Submitted Jan. 11. Decided Jan. 18.

ASSUMPSIT. Defendants bring error. Reversed.

*James H. McDonald* and *Robert M. Chamberlain* for plaintiff in error. Indorsement of a bill of lading only assigns the right to the property in the carrier's possession:

Benj. Sales § 864; *Thompson v. Dominy* 14 M. & W. 403; *Stollenwerck v. Thacher* 115 Mass. 224; *National Bank v. Dearborn* id. 219; *Newcomb v. Boston & Lowell R. R.* id. 230; *Allen v. Williams* 12 Pick. 297; *Bank of Rochester v. Jones* 4 Comst. 497.

*S. E. Engle* for defendant in error. A shipper's receipt represents goods and its indorsement and delivery for advances is a symbolical delivery and passes the title to the goods: *Rowley v. Bigelow* 12 Pick. 313; 1 Pars. Ship. & Ad. 187; 3 Kent's Com. 1; such paper is negotiable: *National Bank v. Bayley* 115 Mass. 28; *Pratt v. Parkman* 24 Pick. 47; *Gibson v. Stevens* 8 How. 384; *Grove v. Brien* id. 429; *Lickbarrow v. Mason* Sm. L. Cas. 1147; and is of the same nature as ancient bills of lading: *Conard v. Atlantic Ins. Co.* 1 Pet. 419.

CAMPBELL, J. Tregent sued plaintiffs in error upon a declaration containing one special count and the common counts. He gave particulars under the common counts of a claim for $180, obtained by them of him through John Baker upon a shipping receipt alleged to be fraudulent, and upon the false pretense that they had shipped the flour called for by it.

This shipping receipt as it is called in the declaration and bill is an important document in the case. In consists of an ordinary railroad receipt dated at Maybee station on the Canada Southern Railway, October 18, 1878, to the effect that the railway company had received the property therein mentioned, (which was 60 barrels of flour,) marked and described as per margin, to be forwarded to Detroit station. There were no other words of contract beyond some clauses limiting responsibility. The marks and destination were "Maybee & Hasley, Detroit, M." Upon the back of this paper is endorsed the signature: "MAYBEE & HASLEY."

The declaration, which is in *assumpsit*, set out specially that the defendants below who were alleged to be manufacturers and shippers of flour at Maybee station on the 18th of October, 1878, held the receipt or bill of lading in ques-

tion, and "in the regular course of trade indorsed said receipt in blank, and caused the same to be delivered to said plaintiff, in consideration of a large sum of money, to-wit, one hundred and ninety dollars, which the said plaintiff then and there, upon faith of said instrument, and relying upon the representations and undertakings therein contained, and especially that said flour had been shipped as stated, paid at the request of said plaintiffs [defendants] and to their use and benefit." It then avers "that by reason of the premises the defendants became and were then and there liable to ship as per said bill of lading the said sixty barrels of flour, and being so liable they then. and there in consideration of the premises promised to do so." The breach assigned is non-shipment and non-delivery of the flour.

Tregent had no personal dealings with these parties, but claims to have paid his money to a man named Baker on the faith of the receipt and its indorsement. So far as their responsibility to him is concerned it is claimed as springing from their either causing or permitting this document to be used by Baker, in the usual course of such instruments. The flour was not realized on it, having been countermanded by withdrawing it if in the company's hands, according to one theory, and by not shipping it at all according to another.

Upon the trial it was claimed that there could be no recovery on the special count, because the effect of the undertaking which Maybee & Hasley made, if they made any, was entirely different from that declared· on. This objection was overruled.

Counsel for Tregent maintain this ruling on the ground that this receipt or bill of lading as it is claimed to be is negotiable, and that Tregent had a right to advance money on it upon the faith of the blank endorsement.

If this were so, the instrument, nevertheless, contains no such undertaking as is declared on. The endorsement of a bill of lading, under the most liberal decisions made anywhere, is no more than an assignment of the shipper's obli-

47 Mich.—32

gation, and of the property called for by the bill. It involves no promise on the part of the endorser to do anything towards forwarding the property to its destination. It involves no duty whatever in the endorser. If the instrument is fictitious, or if there is any fraud practiced in transferring it, any remedy that the transferee would be entitled to would be for that special wrong, and not by importing into the endorsement a promise to perform what the carrier had agreed or purported to have agreed to do. The declaration rests entirely—so far as the special count goes—on the theory that by endorsing the document the endorsers became bound to ship and deliver the flour. They made no such promise—assuming that the endorsement was sufficient for all the purposes conceivable under any form of a bill of lading.

It was error to hold the special count valid for the purposes of this supposed undertaking, and to allow the jury to consider it for any purpose.

As this error will require a new trial, we do not think it necessary to go further. The case is considerably involved upon the other counts. We have found no evidence that Tregent dealt with Baker as an agent for any one. He took Baker's note, and he says he advanced the money on the faith of the property. His only witness concerning the transfer of the paper to Baker declares that Baker was a purchaser and not an agent. The bill of particulars is ambiguous, and the charge of the court assumed various facts as established on which there was room for controversy. We do not feel certain that any discussion we might undertake would meet the issues as they were intended to be dealt with below, and we deem it therefore the safest course to make no rulings beyond the suggestion that the issues ought not to have been left in such confusion as they appear in by this record. Plaintiff's case is not made very intelligible in the bill of exceptions, and we are at a loss to know its precise theory.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.