51 191
54 226
64 305

---

PATRICK TREGENT v. ABRAM MAYBEE AND DANIEL HASLEY.

*Fraudulent use of shipping receipt.*

Assumpsit, to recover back the amount paid for a shipping receipt, lies against the persons who orginally issued the receipt, if the merchandise therein described was not actually shipped as agreed in the re-

ceipt and the defendants have by words or acts, authorized, consented to, connived at or sanctioned the act of the person selling the receipt in thereby obtaining from plaintiff money which he has turned over to defendants in payment of a debt due them from himself.

Error to Wayne.    (Chambers, J.)    June 14.—July 2.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*S. E. Engle* for appellant.

*Jas. H. McDonald* for appellees.    Assumpsit will not lie for injury to security: *Randall v. Higbee* 37 Mich. 41; a bill of sale may be a pledge or mortgage and is so if the goods are merely security for repayment: *McMillan v. Larned* 41 Mich. 523; *Fuller v. Parrish* 3 Mich. 211.

SHERWOOD, J.    This case was before this Court on error at the January term, 1882, but upon different pleadings. 47 Mich. 495.    The case was then made to rest entirely upon the contract relations claimed to exist between the parties, and it was held they were not such as to entitle the plaintiff to recover.

The pleadings now present an action on the case against the defendants for fraudulently obtaining of the plaintiff $180 by the transfer to him of a certain shipping receipt, accompanied by the false statement and representation of one Baker (who, it is alleged, was acting for and in the interest of defendants) that the property mentioned in the receipt had then been shipped to Detroit.    The receipt was endorsed by defendants in blank, and is as follows:

"MAYBEE STATION, Oct. 18, 1878.

Received of M. and H., by the Canada Southern Railway Company, the following property, marked and described as per margin, to be forwarded to Detroit station:

| MARKS AND DESTINATION. | ARTICLES. | WEIGHT. |
|---|---|---|
| Maybee and Halsey, Detroit, M. G. | 60 bbls. flour | 1200. |

A. MAYBEE, Agent.
Per Yager."

The defendants were a firm doing a milling and other

business at Maybee station, on the Canada Southern Railway, and Maybee was the agent who issued the shipping receipt. The plaintiff lived in Detroit, and dealt in grain and flour.

The declaration contains a special count, charging the fraudulent issue and transfer of the receipt to plaintiff, and the common counts with bill of particulars. Plea, general issue.

It appears from the testimony that Baker owed defendants an old account of $52, and that they could not collect anything of him; and it was a part of the theory of the plaintiff that the defendants pretended to sell the flour mentioned in the railroad receipt to Baker, and that they let him take the receipt, endorsed by them in blank, to make sale of it to plaintiff, and thus realize their pay of the $52 from Baker out of the proceeds of the sale, and then retain the flour upon the pretense that the sale to Baker was for cash, and, he failing to pay defendants, they would refuse to ship the flour.

Under the pleadings of the case the plaintiff was permitted to give testimony, without objection, tending to prove these facts; and further, that Baker sold and delivered the receipt to plaintiff, stating to him that the flour had been shipped, and thereby obtained from plaintiff the $180—the amount sued for; that after receiving the money Baker immediately paid the defendants the $52, and they then refused to ship the flour according to the receipt.

Plaintiff also gave testimony tending to prove—and this was not controverted—that the plaintiff bought the receipt in good faith and in the usual course of business, relying upon the facts stated in it and the statements made by Baker in parting with his money; and further, that Maybee, in a conversation with one of plaintiff's witnesses a short time after the transfer of the receipt, stated that "defendants did not do right—that they ought to have shipped the flour."

The business was all transacted in Baker's office in Detroit. Mr. Maybee also, in giving his testimony, stated: "I wanted Baker to pay this old debt of $52; I brought the shipping

receipt to Detroit with me; I did not expect to get the money on it unless I sold the flour; Baker had ordered the flour, and I supposed he would pay for it; I knew he did not have the money right with him, but he was to get the money right away for me;" and further stated that when he indorsed the receipt and let Baker have it, he did not know what Baker was going to do with it; that Baker paid him $52; and then said: " I did not ask Where is the rest of the money. I took it and made no objections. I did not ask him what he had done with the shipping receipt, and he did not tell me. I don't think I ever asked him for the receipt back."

When the testimony was closed, the plaintiff asked the court to charge the jury, among other requests, the following, viz:

" If the flour was not actually shipped, and the receipt consequently fictitious, and the defendants by their words or acts authorized, consented to or connived at or sanctioned the obtaining the money by Baker for their benefit, and for the purpose of getting their pay from Baker on their old account, this was a fraud and a wrong, and they would be liable for the amount so obtained in this action of assumpsit." ·

The court refused to give this request, and directed a verdict for defendants.

It was in evidence, and not disputed, that the money to the amount of $180 was received of the plaintiff by Baker on the transfer of the receipt to plaintiff, and that the amount of the old account was paid to defendants by him therefrom. We think this request should have been given and the case submitted to the jury on the theory of the plaintiff. *Beebe v. Knapp* 28 Mich. 53; *Converse v. Blumrich* 14 Mich. 109.

There was testimony quite sufficient tending to show that fraud was practiced in obtaining the money from plaintiff by the use of the receipt by Baker, and that he was permitted to make the use of it he did by the defendants, whose subsequent conduct with reference to it, to say the least, was open to criticism; and the case, as it appears upon this

record, fairly presents questions of fact which should have been submitted to the jury.

It is unnecessary to consider the other errors assigned, as many of the questions raised will hardly recur upon another trial.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.