PATRICK TREGENT v. ABRAM MAYBEE ET AL.

*Pleading—Election of counts—Waiver of tort and suit in assumpsit.*

1. Election between counts need not be required where, in assumpsit for money obtained by defendant through fraud, the common counts are joined to a special count waiving the tort.

2. A count in assumpsit, waiving a tort on which it rests, may properly state the facts which constitute the tort, as they will have to be proved.

3. Plaintiff may join all his causes of action in one declaration, if in separate suits he could recover on each in the same form of action and on the same proofs.

Error to Wayne. (Chambers, J.) June 11.—June 18.

ASSUMPSIT. Defendants bring error. Affirmed.

*James H. McDonald* for appellants.

*Seth E. Engle* for appellee.

SHERWOOD, J. This case has been twice in this Court before. See 47 Mich. 495 and 51 Mich. 191. The facts in this record are not essentially changed from those appearing in the other cases. The plaintiff on the first trial had a verdict of $180, which was reversed in this Court. On the second trial the defendants, under the instructions of the circuit judge, obtained the verdict, and on appeal to this Court the judgment was again reversed. Another trial has been had at the circuit, in which the plaintiff recovered a judgment for

the sum of $242. From this judgment the defendants appeal, and the case is again before us on error.

The defendants asked the court to require the plaintiff's counsel to elect as to which of the counts he would rely upon for a recovery in the case. The plaintiff had joined with his special count the common counts; the special count charging the fraudulent obtaining of the moneys sued for, and waiving the tort. The plaintiff claimed there was a misjoinder of counts. The court refused to compel the election, and this is alleged as error. We think the ruling of the court was right. Under our statute and practice assumpsit in cases of this kind may be brought, and any other causes maintainable in the same form of action may be joined with it in the same suit.

It is no ground of objection that the facts constituting the wrong are stated in the count wherein the tort is waived; they must be proved to entitle the plaintiff to recover and therefore must be stated in the declaration. The defendant is deprived of no right by the joinders complained of. He is permitted to make any defense to the count based on the tort that he might had the common counts not been added, and there is no reason why plaintiff should not join all the causes he has, when recovery may be had in each in the same form of action if separate suits were brought. Under the declaration in this case the plaintiff was entitled to recover under either count if he could make his proofs.

The plaintiff showed by his evidence he got nothing for the money he parted with, and the facts tended to show fraud and deception practiced by Baker in obtaining the money, and the circumstances connected the defendants with some of Baker's acts, and they received a part of the money obtained on the shipping receipt. If the defendants acted in good faith in what they did, certainly the plaintiff was entitled to have the flour the receipt called for, and when the defendants sold it to others unauthorized by plaintiff they became liable to him therefor in assumpsit under the common counts, and upon the law thereon thus presented to the jury they recovered in the case, and under the charge of the court the

jury gave their verdict for the plaintiff, which we do not feel it our duty to disturb.

The great vigilance shown by counsel for defendants in the preparation of his clients' case, and the care with which he has presented it for our consideration is highly commendable. Still, in a review of all the points made and errors assigned, we have failed to discover any so far prejudicial to the rights of the defendants as to require a reversal of the judgment; and it must therefore be

Affirmed.

The other Justices concurred.