## JOHN V. FARWELL ET AL. v. MILTON H. MYERS.

*Rescinding contract for fraud—Election of remedies—Right of action for value of goods not recovered—Form of declaration, where tort is waived and assumpsit brought.*

| | |
|---|---|
| 59 | 179 |
| 62 | 422 |
| 64 | 235 |
| 59 | 179 |
| 66 | 679 |
| 59 | 179 |
| 75 | 298 |
| 59 | 179 |
| 104 | 206 |
| 59 | 179 |
| 109 | 53 |
| 59 | 179 |
| 112 | 696 |
| 59 | 179 |
| 122 | 365 |

1. A debtor made a general assignment, under the statute, for the benefit of his creditors. Four days afterward, plaintiffs who had sold the assignor several bills of goods prior to the assignment, elected to rescind such sales upon the claim that the assignor did not intend to pay for the goods, when purchased, gave notice of such election to the assignee and thereupon brought replevin against the assignee for all of said goods, a portion of which were seized on the writ and delivered to the plaintiffs, the balance not being found by the officer. The replevin suit was tried upon this claim of fraud on the part of the assignor, which was established by the evidence, and a judgment rendered in favor of the plaintiffs. The validity of the assignment was conceded by plaintiffs and claims proven to the amount of $15,368.67 against the assignor, upon which the assignee, after due notice, declared and paid a dividend of twenty per cent. After this plaintiffs filed their claim against the assignor with the clerk of the circuit court of Cass county, based upon accounts for *all* of the goods purchased as aforesaid, making no mention of the replevin suit or judgment, but crediting on said accounts the value of the goods replevied, as estimated by them, which credit was by stipulation increased to the amount charged to the assignor, in said accounts, for said goods. Due notice was given by the assignee that the claim would be contested. On this state of facts the claim of plaintiffs was rejected by the circuit court.

    *Held,* that by rescinding said sales and prosecuting to judgment an action of replevin for the goods sold, on the theory that the fraud of the assignor had vitiated said contract and that they owned said goods, plaintiffs had elected their remedy and cannot be allowed to come into court a year afterward, because of their failure to secure adequate relief in the replevin suit, and base a claim upon the inconsistent idea that the goods were sold to the assignor. One theory is totally at variance with the other, and if one elects between two inconsistent remedies, the right to pursue the other is forever lost.

2. The right of plaintiffs to collect the value of the goods not recovered in the replevin suit, in a proper action for their conversion, is not denied, but he cannot do so upon the claim filed with the assignee, counting upon the original contract for goods sold and delivered.

3. Where a tort is waived and assumpsit brought, the declaration must specially aver the tort: *Tregent v. Maybee,* 54 Mich. 236.

Error to Cass.   (Smith, J.)    Argued November 11, 1885.
Decided January 20, 1886.

Judgment for defendant.   Plaintiffs bring error.   Affirmed
by a divided court.   The facts are stated in the opinion.

*Fletcher & Wanty*, for appellants :

Section 8747, How. Stat., contemplates the trial of any
claim against an assignor, which existed at the time of the
assignment, whether in trover or assumpsit ; if it provided
for the trial of actions of replevin for goods in the hands of
the assignee, in the name of the assignor as it does for that
of contested claims, plaintiffs would have recovered judg-
ment for the amount of the claim filed, under section 8343,
How. Stat., which provides for a judgment against a defend-
ant in replevin, for the value of goods not found.   The
assignee never having had possession of that portion of the
goods, judgment could not be rendered against him for their
value.    Although plaintiffs may have a claim against the
assignor for the value of the goods converted, he is insolvent
and all of his property is in his assignee's hands.   It seems
to us that section 8747, How. Stat., was designed for the
adjudication of claims like the one filed, and when judgment
is rendered against the assignor it shall be taken as a basis
for claimant's dividend.

*Howell & Carr*, for defendant :

Plaintiff's claim is based upon express contract, and if they
recover it must be upon the original contract for the sale of
the goods to defendant.   The election of plaintiffs to rescind
said contract, with notice to · assignee and replevin for all of
the goods purchased, must certainly have destroyed all con-
tract relations between the parties and bound them to the
remedy they deliberately selected : *Sloan v. Holcomb*, 29
Mich. 153 ; *Thompson v. Howard*, 31 Mich. 309 ; *McQueen
v. Gamble*, 33 Mich. 344 ; *Beurmann v. Van Buren*, 44
Mich. 496 ; *Nield v. Burton*, 49 Mich. 53 ; *Butler v. Hil-
dreth*, 5 Met. 49–51 ; *Yourt v. Hopkins*, 24 Ill. 326 ; *Mor-
ris v. Rexford*, 18 N. Y. 552 ; *Kinney v. Kiernan*, 49 N.
Y. 164 ; *Fields v. Bland*, 81 N. Y. 239 ; *Moller v. Tuska*,
87 N. Y. 166.

MORSE, J.   Between August 7 and December 10, 1883,
the defendant, who was then engaged in the mercantile busi-

ness at Cassopolis, Michigan, bought of plaintiffs several bills of goods, amounting in the aggregate to $10,396.69, and paid on account $896.14. On January 4, 1884, defendant made a general assignment for the benefit of his creditors to one Henry W. Smith. This assignment is admitted to be valid, and this suit is in recognition of the same.

On the eighth day of January, 1884, the plaintiffs brought replevin in the circuit court of the United States for Western District of Michigan, for all the goods sold by them to Myers, as hereinbefore mentioned, and their writ of replevin mentioned and described, and commanded the marshal to take and deliver to the plaintiffs each and all of the articles sold by them to him, as aforesaid. On this writ the marshal took and delivered to the plaintiffs goods therein mentioned, valued and appraised at $3,420, but which had been charged to defendant in said account at $4,104, and this latter sum made a part of the said $9,500.55. The goods so taken by the marshal were such as he found in the store, and were parts of all the different bills purchased, and he returned that he was unable to find the other goods in said writ mentioned. The plaintiffs grounded their replevin suit upon the claim that Myers did not intend to pay for the goods when he bought them, and that they had, before they brought their suit in replevin, elected to rescind the sale to him in consequence of his fraud, and gave notice of such election to the assignee before the writ of replevin issued. The replevin suit was tried upon this theory, the evidence sustained it, and the plaintiffs had judgment on the twelfth day of December, 1884.

On the fifteenth day of December, 1884, the plaintiffs filed their claim in the clerk's office of Cass county, attached to which was a statement of their account. Plaintiffs filed their claim, basing it upon said account as for goods sold and delivered, stating that the consideration was for merchandise, and that the debt was contracted at the dates the goods were delivered, and made no mention of the suit in replevin, or the judgment therein, crediting the defendant, however, with $2,267.15, as of March 20, 1884, being, pre-

sumably, their estimation of the value of the goods recovered under their action of replevin.

These facts appeared by stipulation, and also that on the twenty-sixth of December, 1884, there was still in the hands of the assignee about $1,500, besides some collectible accounts and notes, part of which were not yet due, all of which still remained in the hands of the assignee ; that the proof of claim should be considered as complying with the requirements of the statute, and the credit item of $2,267.15 should be considered as $4,104, leaving balance against the insolvent's estate of $5,396.55, and all formal defects in said proof of claim were waived.

On the thirteenth of May, 1884, thirty-nine other creditors had proven claims against said estate, aggregating $15,368.67, and the assignee, after due notice, had declared and paid to them a dividend of twenty per cent. before the filing of plaintiff's claim. The assignee gave all the notices required by law, of the assignment, and of proof of claims prior to January 15, 1884, and filed proof thereof as required by law, and the plaintiffs had all the statutory notices required by law prior to that date.

On the twenty-third day of December, 1884, the assignee gave notice that the claim of plaintiffs as filed, would be contested, and the same was thereupon duly entered on the law side of the court as a cause in the name of said plaintiffs as against said defendant, and a trial was had of the same, under the statute, before the court without a jury. The circuit judge found, as a matter of law, upon the facts above stated, that the claim of plaintiffs could not be sustained, and entered judgment disallowing the same.

It is urged here that, under the facts, the plaintiffs are entitled to recover. We do not think so. Early in the proceedings, immediately after the assignment, the plaintiffs elected to rescind the sale of the goods, and brought replevin for the same on the theory that the fraud of the defendant had vitiated the sale, and that the goods belonged to them as if no sale had ever been made. After thus solemnly electing their remedy, and proceeding, through a trial, to judg-

ment, upon the theory that they owned the goods, because they failed to get adequate relief in such suit, they cannot be allowed, a year afterwards, to come into court, and base a claim upon the inconsistent idea that the goods were sold to defendant. One theory is totally at variance with the other. If one elects between two inconsistent remedies, the right to pursue the other is forever lost: *Thompson v. Howard,* 31 Mich. 309; *Wetmore v. McDougall,* 32 Mich. 276; *Dunks v. Fuller, Ib.* 243; *Nield v. Burton,* 49 Mich. 53.

We do not deny the right of plaintiffs to collect the balance, the value of the goods not recovered by his action in replevin, in a proper action for the conversion of the same; but he cannot do so upon the claim filed with the assignee, counting upon the original contract for goods sold and delivered. If he should elect to waive the tort, and sue in assumpsit, he would yet have to declare specially averring the tort: *Tregent v. Maybee,* 54 Mich. 226.

The judgment of the court below must be affirmed, with costs.

CHAMPLIN, J., concurred.

CAMPBELL, C. J. (*dissenting*). I am unable to concur in the view that plaintiffs, by replevying a part of the goods which were fraudulently obtained from them by defendant, thereby lost their right to pursue him for the balance by an action of assumpsit. The right which a defrauded vendor has to reclaim goods fraudulently obtained by the purchaser is not, in any just sense, an absolute ending of their relations. The case before us in no way differs from that where a vendor enforces a right of stoppage *in transitu,* which does not always secure all the goods sold. In such a case the law is now clear that the effect of the reclaiming of a part of the goods is not to destroy the vendor's right to sue for the value of the remainder. It is more a matter of words than of substance, to hold that in such a case there is no interference with the contract itself; for, practically, a sale is very seriously interfered with by any retention or reclamation of the goods sold. Neither is it very important to inquire on what

particular theory the plaintiffs' rights are insisted on. There can be no doubt that if the contract is considered as rescinded, the goods not replevied and disposed of by defendant must be accounted for in some way. Whether treated as sold or as tortiously converted, the plaintiffs, according to well-settled rules, could always sue in assumpsit for the proceeds or value, and could do so under the common counts or specially. The demand for these moneys is not one for damages at large, as for a wrong, but is a pecuniary claim based on fixed rules of recovery. I do not think there is anything in our statutes, or in bankruptcy proceedings anywhere, which would prevent the proof of any such claim for which implied assumpsit lies; and it seems to me that any rule which cuts off such a redress would be in furtherance of the vendee's fraud.

In *Powers v. Benedict*, 88 N. Y. 605, the doctrine was recognized that a partial recovery of goods, under such circumstances, did not bar an action for the remainder. We held, ourselves, in *Dayton v. Monroe*, 47 Mich. 193, that a person suing for fraud was not bound to return a note which was given for the consideration as a condition of suing. And it seems to me that no doctrine can be sound which puts a person to a complete election at his peril, and bars him from any adequate remedy against the wrong-doer. Our statute concerning claims does not cut off any claim which can be regarded as an obligation of the assigning debtor, and the right to a judgment and relief is the same as if there had been no assignment.

In a case of this kind no mere technicality should stand in the way of justice. That defendant is responsible for the unrecovered goods is beyond dispute. Being so, I think there should be a recovery as claimed, and that the judgment should be reversed, and a new trial granted.

SHERWOOD, J., concurred.