JOHN V. FARWELL ET AL. v. MILTON H. MYERS.

[See 59 Mich. 179.]

*Fraudulent sale—Replevin—Claim against assignor.*

1. In the case of *Farwell v. Myers*, 59 Mich. 179, the Court simply held that no suit would lie on a contract for the purchase of goods, as an *original* contract, after it was *rescinded* for fraud.

2. A merchant purchased a bill of goods with intent to defraud the vendors, and then made a general assignment for the benefit of his creditors ; whereupon the vendors replevied so much of the goods as they could trace to the hands of the assignee, and filed their claim under the assignment law for the *purchase price* of the *balance*, which claim was rejected on the ground that no claim would lie on the *original* contract, which decision was affirmed by a divided Court (see *Farwell v. Myers*, 59 Mich. 179); but it was further held that the vendee was responsible for the *conversion* of the goods, if converted, and that a claim might lie on *that* basis; which claim was filed, and it was admitted that the assignor had sold the balance of the goods before the assignment, and a judgment was rendered for the proceeds of such conversion.

*Held*, that the delay was due entirely to a matter of legal form in describing the nature of the debt, in which shape it was disallowed, and that there is nothing in the statute to prevent its allowance under the new filing, and that the former adjudication is not a bar to a recovery thereunder.

Error to Cass. (Smith, J.) Argued January 6, 1887. Decided January 13, 1887.

Claim filed under How. Stat. § 8747, allowed, and assignee ordered to recognize claim in paying dividends to creditors. Assignee brings error by order of circuit judge. Affirmed. The facts are stated in the opinion, and in 59 Mich. 179.

*Howell & Carr* (*Turner & Carroll* and *Frank L. Carpenter*, of counsel), for appellant:

By waiving assumpsit and suing in tort, plaintiffs have put themselves outside the class which the statute says may share in the fund, but they may pursue their remedy against the person of the assignor: *Hubbard v. McNaughton,* 43 Mich. 220.

The statutes (How. Stat. §§ 8740, 8745, 8747) speak of the "actual consideration for the debt," the "actual amount unpaid and owing," "*when* the same was contracted, and *when* to become due;" showing the kind of claims intended arise upon express contract. An unliquidated claim for damages is not a debt: *Hill v. Bowman,* 35 Mich. 191; *Detroit Post & Tribune Co. v. Reilly,* 46 Id. 459.

The measure of damages for an unlawful conversion of chattels is the value at time of conversion: 3 Suth. Dam. 488.

The issue presented was adjudicated in *Farwell v. Myers,* 59 Mich. 179. See, also, *Jennings v. Sheldon,* 44 Mich. 92; *Martin v. Boyce,* 49 Id. 122.

The principles of *res judicata* are as applicable to proceedings *in rem* as to others: Wap. Pr. R. 161.

*Fletcher & Wanty,* for plaintiffs:

The judgment in the replevin suit (see 59 Mich. 179) is conclusive in this on all points litigated: *Doty v. Brown,* 4 N. Y. 71; *Castle v. Noyes,* 14 Id. 329; *Betts v. Starr,* 5 Conn. 550; *Babcock v. Camp,* 12 Ohio St. 11; *Barker v. Cleveland,* 19 Mich. 230; *Hazen v. Reed,* 30 Id. 331.

That the nominal parties are different is of no importance, the controversy being really between the same parties: *Castle v. Noyes,* 14 N. Y. 329; Freem. Judg. § 174, and cases cited.

Plaintiffs have a right to recover in this form of action for the residue: *Powers v. Benedict,* 88 N. Y. 605; *Farwell v. Myers,* 59 Mich. 179.

As to right of plaintiffs to share in dividends, see *Owens v. Ramsdell,* 33 Ohio St. 439; *Carpenter v. Dick,* 41 Id. 295.

CAMPBELL, C. J. This is the same controversy, in a different form, which is reported in *Farwell v. Myers,* 59 Mich. 179.

In that case a claim was prosecuted under a general assignment for a balance insisted on as remaining due under a contract which was made by a purchaser with intent to defraud vendors, and to get goods without paying for them.

The debtor made a general assignment, and the creditors replevied so much of the goods as they could trace to the hands of the assignee. They then filed their claim as vendors for the price of so much of the property as they had not replevied. The circuit court held that the claim could not be based on the contract, which had been rescinded for the fraud, and this Court divided equally upon that question, thus affirming the judgment. But all the members of this Court agreed that the fraudulent purchaser was responsible for the conversion of the goods if he had converted them, and that a claim might lie on that basis.

Thereupon a new claim was filed, and the parties by counsel agreed upon the facts, from which it appeared that Myers had, before the assignment, sold the property beyond what was assigned, and the amount of the sales was agreed upon. Upon this claim and the stipulated facts, the circuit court gave judgment for the proceeds of the conversion. Error is brought, and the errors assigned all go to the correctness of the judgment upon the agreed facts.

The amount is not disputed, but it is insisted the claim was cut off by delay, and barred also by the former adjudication.

So far as delay is concerned, it is due entirely to a matter of legal form in describing the nature of the debt, and to the disallowance in the shape first presented. We think there is nothing in the statute to prevent its allowance, although the delay may have left less money in the assignee's hands than will place the claimants on as good a footing as those who have already received dividends. Upon this we are not fully informed.

But it is impossible to hold the claim barred by the former adjudication. That simply held that no suit would lie on the contract as an original contract after it was rescinded for fraud. The present claim is not based on the contract, but on the conversion of the property of the claimants,

whereby they are entitled to require the payment of the value or proceeds, and they have now elected to proceed for the conversion of the goods for their money, which could be demanded either in trover or assumpsit. The claim was recognized in our former decision as a proper one, and we have no doubt it was properly allowed below.

There is some doubt whether the record is in such a shape as to leave all the questions open which were argued. But, as the objections do not appeal to any sound rule of law, we have not thought it worth while to dwell on their formality.

The judgment must be affirmed.

The other Justices concurred.