JOHN V. FARWELL ET AL. v. MILTON H. MYERS.

[See 59 Mich. 178 ; 64 Id. 234.]

*Assignment for benefit of creditors—Proving claims—Dividend.*

1. The purpose of How. Stat. chap. 303, is to put all creditors and their claims on a footing of equality, free from any preferences, and its evident purpose is to provide, as far as possible, that each claim shall receive a proportionate dividend.

2. Pending litigation which finally established a claim under the assignment statute in favor of creditors, the assignee made a dividend of 20 per cent. among the creditors who had *then* proved their claims, and the court ordered that the *first-mentioned* claim should not share in said dividend.

    *Held,* that the statute puts all claims on a level, and, when enough money is realized, said creditors should receive their 20 per cent. dividend before any further *general* dividend is made.

Appeal from Cass.   (Smith, J.)   Argued June 22, 1887. Decided July 7, 1887.

Appeal from order directing that claim proved under the assignment law do not share in dividend paid other creditors. Order rectified by placing claim on a level with such *part paid* claims. The facts are stated in the opinion.

*Fletcher & Wanty*, for appellants.

*Howell & Carr*, for assignee.

*Turner & Carroll* and *Frank L. Carpenter*, for other creditors.

CAMPBELL, C. J. This case now comes up on appeal from the order of the court below allowing claimants a dividend out of nothing but the surplus remaining after payment of a former dividend. In 1884 the assignee made a dividend of the assets then collected among the creditors who had then proved, of 20 per cent. In the interval, the present claim, after considerable litigation, and twice coming to this Court, was established.[1] But now the court has ordered that the whole of this claim shall stand on the footing of the unpaid 80 per cent. of the former claims, so that it will receive from the estate 20 per cent. less than others.

The purpose of this statute[2] is to put all creditors and their claims on a footing of equality, free from any preferences. It requires dividends to be made as fast as assets are collected, and that nothing shall be paid on any unproved claim, but that the assignee shall hold back enough to pay claims contested. Contested claims are required to be prosecuted as in any action on the common-law side of the court, and put in judgment, but not collected on execution.

How. Stat. § 8747, provides that—

"The amount of the claim as finally adjudicated, after allowing a proper sum for interest to or from the time of making a dividend upon the other claims, shall be the amount upon which a dividend shall be computed."

---

[1] *See Farwell v. Myers*, 59 Mich. 179; 64 Id. 234.

[2] How. Stat. c. 303.

The evident purpose of the statute is to provide, as far as possible, that each claim shall receive a proportionate dividend. There is no provision for refunding dividends, and therefore those who get them can keep them, unless, possibly, where some mistake has been made in the lists, or computation from them. If no further assets are made, the subsequently proving creditors may be without remedy. But it is easy to see that there may be delay in proving claims, from ignorance or some other causes, where at the time a dividend is made, the assignee cannot recognize it, and yet where it would be extremely unjust to make discriminations. The statute puts all lawful claims on a level, and its chief purpose is to do so; and when enough money is realized to raise these creditors to the same position as earlier ones, there is no reason why it should not be done, or why those who have received one dividend should receive another until all the creditors are equalized in their standing.

It is claimed, however, that in the judgment allowing this claim there was a further order cutting it off from the 20 per cent. dividend. That question was not open to discussion on the proof of the claim, which, as already said, was on the same footing with any other common-law action. This Court passed it by, and merely remarked that it was possible the delay in proof might not have left money enough to put claimants on as good a footing as those who had received dividends. Had we intended to hold they must lose the 20 per cent. out and out, that would have made it impossible to be on the same footing. But in that controversy the statute gave neither court any discretion in the matter. When a claim is fixed, it is entitled to equality in the assets.

The order should be rectified accordingly. The costs should not be charged personally, but allowed from the estate.

The other Justices concurred.