JAMES A. RANDALL v. GEORGE GARTNER, CIRCUIT JUDGE
OF WAYNE COUNTY.

[See 92 Mich. 467.]

*Pleading — Joinder of actions — Libel and slander — Election of
count—Amendment of declaration—Statute
of limitations.*

1. A plaintiff may join all of his causes of action in one declaration,
   if, in separate suits, he could recover on each in the same
   form of action.
2. Where, in a libel suit for the publication of several articles on
   different days, the plaintiff counts separately upon each article,
   he cannot be compelled to elect upon which count he will pro-
   ceed to trial.
3. Where several alleged libelous articles are declared upon in one
   count, which is demurred to for that reason, and by leave of
   the court an amended declaration is filed, in which a portion
   of the articles are set forth, one in each count, the amended
   declaration is a continuation of the original suit, and an
   objection that some of the articles were barred by the statute
   of limitations at the time the amended declaration was filed is
   untenable, the statute not having run against them when the
   original declaration was filed.

*Mandamus.* Argued April 25, 1893. Granted June 30,
1893.

Relator applied for *mandamus* to compel respondent to
vacate an order requiring relator to elect upon which count
of his declaration he would proceed. The facts are stated
in the opinion.

*John Atkinson,* for relator.

*Dickinson, Thurber & Stevenson,* for respondent.

LONG, J. The relator commenced suit in the Wayne

circuit court against the Evening News Association on September 27, 1890, for libel. Defendant demurred, setting up several causes of demurrer. In March, 1891, the demurrer was argued, and on February 10, 1892, the court sustained the demurrer, with costs, giving the plaintiff 20 days within which to amend. The cause was removed to this Court, and reversed as to costs, with leave to the plaintiff to amend without costs.[1] The original declaration counted upon a great many libelous articles, all of which were set out in one count. On September 19, 1892, plaintiff filed an amended declaration, selecting 20 of the articles included in the original declaration, and setting forth each one in a separate count. December 13, following, defendant moved the court below for an order striking from the amended declaration each of the counts therein which were based upon articles alleged to have been published more than two years before the amended declaration was filed, for the reason that under the original declaration, which contained but one count, the plaintiff could rely upon but one cause of action, and that it was not competent to bring in by amendment, as independent causes of action, such articles as, at the time of the amendment, were barred by the statute of limitations. On February 20, 1893, an order was made, directing that plaintiff, within 20 days, elect upon which of the counts of the amended declaration, based upon a single libelous article set forth in the original declaration, he would proceed, in lieu of the count in the original declaration, and that when such election should be made all of the counts of the amended declaration, based upon articles which, at the time of the allowance of the right to amend the original declaration, had been published more than two years prior to the granting of such right to amend the original declaration, be stricken from the amended declaration, and that the defendant have 20 days thereafter

---

[1] See *Randall v. Evening News Association*, 92 Mich. 467.

to plead.    This proceeding is for *mandamus* to compel the court below to vacate the above order.

The court below was in error in holding that any of the published articles embodied in the original declaration were barred by the statute.    These articles were declared upon in the original declaration, but we held that they were not well pleaded, by reason of their being set out in one count. They were not barred by the statute at the time the original declaration was filed, and the filing of the amended declaration was not the commencement of a new suit, but the continuation of the suit originally commenced, and did not introduce a new cause of action.

The court was also in error in requiring the plaintiff to elect upon which count he would proceed to trial, and to strike out the other counts.    He had a right to proceed upon all the counts.    These articles were published upon different days, and may each constitute a cause of action. There is no reason, however, for saying that he may not join the several causes of action, and have them all tried in one suit.    It is settled that a plaintiff may join all his causes of action in one declaration, if, in separate suits, he could recover on each in the same form of action.    *Tregent v. Maybee,* 54 Mich. 226.    See, also, 1 Chitty, Pl. 199; 1 Tidd. Pr. 11, 12; *Coryton v. Lithebye,* 2 Saund. 117a–117d; *Craft v. Boite,* 1 Id. 246a; *Savile v. Jardine,* 2 H. Bl. 532.

The writ must issue, as prayed.

The other Justices concurred.