REID, MURDOCH & CO. *v.* FERRIS.

1. ACTIONS—FRAUDULENT PURCHASE—RIGHTS OF SELLER.
   Where fraudulent purchases are made on different occasions, each constitutes a distinct and separate act of fraud, for which the seller is entitled to maintain a separate action.

2. SAME—REPLEVIN AND TROVER—RES JUDICATA.
   A recovery in replevin of that part of goods fraudulently purchased which is in the buyer's possession at the time of the issuance of the writ does not bar an action of trover for the remainder of the goods.

3. SAME.
   A plaintiff in replevin cannot recover for property *known* by him to be out of defendant's possession, or out of existence, when the writ was sued out.

| | |
|---|---|
| 112 | 693 |
| 116 | 626 |
| 112 | 693 |
| 122 | 365 |
| 112 | 693 |
| 126 | 19 |
| 112 | 693 |
| s71NW | 484 |
| s67ASR | 437 |
| 131 | ³405 |

Error to Kent; Adsit, J.   Submitted April 7, 1897. Decided May 25, 1897.

Trover by Reid, Murdoch & Company against Jay Ferris.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Reversed.

*Bundy & Travis*, for appellant.

*Drury & Strong*, for appellee.

LONG, C. J.   Plaintiff was a wholesale grocery house in Chicago, and defendant a retail grocer in Grand Rapids. This was an action of trover, brought to recover the value of about $1,200 worth of goods sold by plaintiff to defendant between October 30, 1894, and January 9, 1895.   The goods were sold at different times during that period, and on different terms of credit, some of the invoices being on 60 days' time, and others on 30 days' time; the amount of the largest sale being $238.70, and the smallest one $4. The plaintiff claimed, and introduced evidence tending to show, that the purchases were fraudulent.

In its declaration, the plaintiff set up that, on discovering the fraud, it replevied from the defendant a part of the goods shipped in the last two invoices; that the replevin case was commenced in justice's court, and appealed to the circuit, and there tried on the merits, and resulted in a judgment in favor of plaintiff for the goods replevied and nominal damages of six cents; that the goods replevied came out of the two invoices of December 28, 1894, for $209.75, and January 9, 1895, for $78.75; that the value of the goods replevied was $81.50; that the defendant, at the time the replevin suit was instituted, was not in possession of the other goods included in said two invoices, he having sold or otherwise disposed of the same. And plaintiff averred that this judgment in such replevin suit constituted a binding prior adjudication between plaintiff and defendant that said two purchases were fraudulent. The defendant, in his amended plea, also set up the bringing of said suit of replevin, and the recovery therein of a part of the goods contained in said two sales, one of December 28, 1894, and the other of January 9, 1895, and averred that, because of the recovering of said judgment in replevin, the plaintiff was not entitled to maintain this action of trover. On the trial of this cause, the plaintiff showed the proceedings in said replevin suit, and gave evidence tending to show that the goods replevied were all the goods that then remained in the possession of defendant at the time the replevin suit was instituted. At the conclusion of plaintiff's evidence, defendant's counsel moved the court to instruct the jury to render a verdict in favor of defendant, for the reason that the plaintiff could not split its cause of action, and that the judgment in replevin was a bar to the present action, which motion was granted by the court. To this ruling the plaintiff excepted, and the question thereby raised is the sole and only question involved on this record.

The court below was in error. As well stated by counsel for plaintiff: "The effect of defendant's position here

is, not that a single cause of action cannot be split up, but that separate causes of action in tort must be combined." The sales were separate and distinct, and on different terms of credit. Plaintiff could have elected to rescind some of them, or treat them as void, and ratify others, and sue in tort for some, and in contract for the others. *Lee v. Burnham*, 82 Wis. 209; *Stickel* v. *Steel*, 41 Mich. 350. In the latter case it appeared that S. bought a bill of goods in August, with credit for four months from September 15th following, and on the same day, from the same person, another bill of goods, at a credit of four months from October 1st following. It was held that the two bills of goods did not constitute one demand when one became the subject of suit before the other became due, or when the remedy for one was barred before the time expired for the other. In the present case the torts consisted of the fraudulent purchases, and were committed when the purchases were made and the goods obtained, and not when their fraudulent character was discovered. Each purchase was a distinct and several act of fraud, for which the plaintiff was entitled to maintain a separate action. This doctrine is fully enunciated in *Lee* v. *Kendall*, 56 Hun, 610, and *Shook* v. *Lyon*, (Com. Pl.) 11 N. Y. Supp. 720.

It appears, however, that the plaintiff replevied a part of the goods shipped in the last two invoices. It is therefore contended by defendant that, that suit having gone to trial on the merits, the plaintiff could not maintain trover for the balance of those particular invoices. But it appears that the goods for which trover was brought were not in the possession of the defendant at the time the writ of replevin was issued and served, he having sold or disposed of them. The rule is well settled that in replevin no recovery can be had for goods not in possession of the defendant at the time the writ issues, except where the goods have been fraudulently disposed of or concealed to avoid the writ. In *Sexton* v. *McDowd*,

38 Mich. 152, the court, speaking of the nature and office of the writ of replevin, said:

"The form and nature of the remedy suppose a case where the defendant unlawfully detains the property from the plaintiff, and not a case where the defendant cannot surrender, nor the plaintiff accept, possession; and it requires that, before the writ shall be executed, an affidavit shall be attached, showing, among other things, that the plaintiff is entitled to the possession of the property, and that the defendant, not a stranger, unlawfully detains it."

In *Hinchman* v. *Doak*, 48 Mich. 168, the court said:

"When the defendant established the fact that he was not in possession when suit was instituted, he showed that he was entitled to have the case dismissed out of court, and to recover his costs."

The following cases are in line with this proposition: *Aber* v. *Bratton*, 60 Mich. 357; *Burt* v. *Burt*, 41 Mich. 82; *Morrison* v. *Lumbard*, 48 Mich. 548; *Bacon* v. *Davis*, 30 Mich. 157; *Gildas* v. *Crosby*, 61 Mich. 413. The same rule is stated in other States. *Williams* v. *Morgan*, 50 Wis. 548; *Coffin* v. *Gephart*, 18 Iowa, 256.

It must follow that, under the circumstances of this case, the plaintiff is not estopped from bringing suit in trover for such property as was not taken under the writ of replevin. In *Farwell* v. *Myers*, 59 Mich. 183, Mr. Justice MORSE recognized that very doctrine, though holding that *assumpsit* would not lie for the balance of the goods not taken under the writ. In *Farwell* v. *Myers*, 64 Mich. 234, the same case was in this court, only in different form. In the second case, claim was based upon the conversion of the property, and it was held that the action would lie. We do not understand that the court intended to hold in *McBrian* v. *Morrison*, 55 Mich. 351, that a recovery could be had in replevin for property known by plaintiff to be out of defendant's possession, or out of existence, when the writ was sued out. The opinion was by Mr. Justice CAMPBELL, who also wrote the last case of *Farwell* v. *Myers*, 64 Mich. 234,

where the action of trover was permitted to be maintained for the balance of the property not taken under the writ.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.