122   363
154   ³186

REID, MURDOCH & CO. *v.* PARKS.

1. REPLEVIN—JUDGMENT.
3 Comp. Laws 1897, § 10660, providing that in replevin, if the goods and chattels specified in the writ shall not be found, or shall not be delivered to the plaintiff, he may proceed in the action for the recovery of the same, or the value thereof, does not authorize a recovery for goods not in defendant's possession when the writ was sued out.

2. SAME—POSSESSION—PRESUMPTION.
Goods not in the possession of defendant in replevin on the day the writ issued were presumably not in his possession when the writ was sued out.

3. SAME—PARTIAL RECOVERY—BAR—ASSUMPSIT.
A judgment in replevin for such portion of the goods described in the writ as were in defendant's possession when the writ was sued out is not a bar to an action of *assumpsit* for the value of the remainder.

4. SAME—COSTS.
Nor should the fact of the former suit deprive plaintiff of his right to costs in the latter.

Error to Berrien; Coolidge, J.  Submitted October 24, 1899.  Decided December 21, 1899.

*Assumpsit* by Reid, Murdoch & Company against Jerome Parks for goods sold and delivered.  From a judgment for plaintiff on verdict directed by the court, defendant brings error.  Affirmed.

*O'Hara & O'Hara*, for appellant.

*Charles W. Stratton* and *Lawrence C. Fyfe*, for appellee.

MONTGOMERY, J.  The plaintiff, from July 9, 1897, to August 19, 1897, inclusive, sold to the defendant various bills of groceries, amounting in the aggregate to $303.43

in value. On September 3, 1897, the plaintiff commenced an action of replevin to recover these goods on the claim that they were obtained fraudulently, and with intent not to pay for them. The writ and declaration covered all the goods sold between these dates, but the record shows that only a portion of the goods, amounting to $86.85, were recovered. The replevin case proceeded to judgment, which was in favor of the plaintiff for six cents damages and costs. There was no recovery for the value of the goods not replevied. The present action is brought to recover the value of the goods not recovered in the action of replevin, the plaintiff waiving the tort, and suing in *assumpsit*. The defendant brings error, urging two grounds: *First*, that the replevin suit is a bar to this action; *second*, that, in any event, the plaintiff should not recover costs in this action.

If the plaintiff might have recovered for these goods in the former action, that action should be held a bar to the present. *Bond* v. *Markstrum*, 102 Mich. 11. Whether the plaintiff could have recovered for the goods in that action depends upon the construction to be given sections 10648, 10660, 3 Comp. Laws 1897. The first of these sections provides that replevin may be brought for the recovery of goods or chattels unlawfully taken or unlawfully detained. The latter section provides that, if the goods and chattels specified in any writ of replevin shall not be found, or shall not be delivered to the plaintiff, he may proceed in the action for the recovery of the same, or the value thereof. Section 10676 prescribes the form of judgment in such cases. It has been repeatedly held that these provisions do not authorize a recovery for goods not in the possession of defendant when the action of replevin is brought. Section 10654 requires an affidavit to be attached to the writ, stating, among other things, that "such goods and chattels are unlawfully detained by the defendant in such writ." In *Hinchman* v. *Doak*, 48 Mich. 168, the court said:

"When the defendant established the fact that he was

not in possession when suit was instituted, he showed that he was entitled to have the case dismissed out of court, and to recover his costs."

See, also, *Reid, Murdoch & Co.* v. *Ferris*, 112 Mich. 693.

The evidence on this trial shows that the goods not recovered in the action of replevin were not in defendant's possession on the day the writ issued. This testimony was not disputed, and the only reasonable inference is that the goods were not in his possession when the writ was sued out. They could not, therefore, have been recovered in that action. This being so, there would be no more propriety in treating such action as a bar than in so regarding a premature action. See Wells, Res Adj. § 454. The question involved in this case has been, in effect, decided by this court. *Farwell* v. *Myers*, 59 Mich. 183, 64 Mich. 234; *Reid, Murdoch & Co.* v. *Ferris*, 112 Mich. 693.

The same considerations dispose of the question of costs raised by defendant.

Judgment is affirmed.

The other Justices concurred.