FOREST CITY STEEL & IRON CO. *v.* DETROIT & TOLEDO
SHORE LINE RAILROAD CO.

1. SALES—ACTIONS—PLEADING—CONSTRUCTION.
    An account filed with a receiver in a creditors' suit for the price
    of goods sold and delivered could not be said, under strict
    rules of pleading, to allege a claim for damages based on re-
    fusal to perform the contract of purchase.

2. INSOLVENCY—CLAIMS—BREACH OF CONTRACT.
    Damages for breach of contract are legitimate claims against
    an insolvent's estate.

3. BANKRUPTCY—CLAIMS—BREACH OF CONTRACT.
    Claims for damages for breach of contract are provable under
    the bankruptcy law against the estate of the bankrupt.

4. JUDGMENT—RES JUDICATA—COLLATERAL ATTACK — CLAIM PRE-
    SENTED TO RECEIVER.
    Where a Federal court in equity was in possession of the estate
    of defendant through its receiver appointed in a creditors'
    suit, and plaintiff presented its claim to the receiver as for
    goods sold and delivered, and the court, on denying the
    claim on the ground that there was no delivery, treated the
    statement of claim as sufficient to admit proof of refusal to
    perform the contract of purchase, and heard evidence in sup-
    port of such claim, which he also denied, this court cannot
    inquire, in support of an action for damages, whether the
    pleadings justified his inquiry, since he had jurisdiction, and,
    if he erred, the remedy was by a direct proceeding.

Error to Wayne; Rohnert, J.  Submitted June 18,
1908.  (Docket No. 27.)  Decided September 10, 1908.

Assumpsit by the Forest City Steel & Iron Company
against the Detroit & Toledo Shore Line Railroad Com-
pany for breach of a contract for the sale of certain build-
ing material.  There was judgment for plaintiff, and de-
fendant brings error.  Reversed.

*Brennan, Donnelly & Van De Mark* (*Henry L. Lys-
ter*, of counsel), for appellant.

*Bowen, Douglas, Whiting & Murfin*, for appellee.

HOOKER, J. The plaintiff brought this action, claiming damages for breach of a written contract to deliver certain iron building material to be paid for on delivery. It proved the contract and the offer to deliver the goods upon payment, the refusal to pay, and the ultimate reshipment of the goods to Cleveland, and a subsequent offer to sell them. By way of defense the defendant showed that at the time of such tender of delivery the defendant's property was in the hands of a receiver in a creditors' suit pending in the Federal court at Detroit; that the plaintiff filed a claim in said court upon an alleged open account stated, or, perhaps, more properly, for the contract price of the iron; that the same was heard, and the petition for allowance dismissed.

It appeared that the ground of such action was that, as the property was not delivered to defendant, the plaintiff could not recover the contract price, and that—

" The utmost claim that the petitioner could be allowed under any circumstances would be the damages it had suffered by the nonacceptance of the property, viz., the difference between the cost of doing the work and the contract price, including the freight to Monroe and return, and demurrage, if any, paid or incurred, and that there was no evidence what the difference would be and therefore no basis for a decree in favor of petitioner."

He also found that there was evidence that the plaintiff had *rescinded* the contract by ordering the goods back to Cleveland, and treating them as its own property, and offering them for sale, and that both parties regarded the contract as rescinded. The petition filed in the Federal court alleged the contract, petitioner's compliance with its terms, the refusal of the defendant and its receiver to permit petitioner to erect the building contracted, the return by defendant and its receiver of the iron at petitioner's expense, and an admission of its liability for the value of the materials and the freight paid, and prayed that it be allowed to intervene and present its claim and for other relief. Thereupon a general order for the presentation

and hearing of claims was made. Plaintiff then filed its claim in an affidavit, stating that it was owner of a certain account, a copy being attached, amounting to $1,457.08, with interest; that there were no set-offs or counterclaims, and that it held no security therefor; that it was a valid claim, and had been admitted to be such by the receiver. The following statement of account was attached:

CLEVELAND, O., February 3, 1902.

ALLEN F. EDWARDS, Receiver,
   Detroit & Toledo Shore Line R. R. Co.,
                    Detroit, Mich.
Bought of the Forest City Steel and Iron Co.

| | | |
|---|---|---|
| To steel Roof Trusses and Purlins, per contract dated 11-29-01 | $1,440 | 00 |
| To freight on same, Cleveland to Monroe, Mich. | 40 | 04 |
| To freight on same, Monroe, Mich., to Cleveland | 40 | 04 |
| To labor, unloading same at Cleveland, 30 hours at 40 cents | 12 | 00 |
| | $1,532 | 08 |
| Cr. | | |
| By value of material returned | 75 | 00 |
| | $1,457 | 08 |

Under strict rules of pleading, it might be said that plaintiff's account filed in the Federal court did not allege a claim for damages based on refusal to perform a contract, but was more in the nature of a claim for the purchase price of goods sold and delivered. The court declined to sustain the plaintiff's claim upon the ground that it had never delivered the material, and therefore had not become entitled to the contract price. That was a complete answer to such a claim. So far the finding was not inconsistent with plaintiff's present claim. The court further found that the utmost that could be allowed the petitioner would be damages for a breach of contract, and that they could not be allowed for two reasons: (1) It had omitted to make proof of their amount; and (2) the parties by mutual consent had rescinded the contract by

reason of the insolvency of the company. This last finding of fact was adverse to the plaintiff's present claim, and, unless we can say that it was unnecessary to a decision of the question before that court, it must be conclusive in this case. So, too, if the question before him involved the allowance of damages for a breach of the contract, plaintiff must be concluded here, for it could not be allowed a second trial of the question merely because of a want of proof upon the first. We have, therefore, to determine what was before the Federal court, if we can. Plainly there is nothing upon the face of the claim itself filed indicative of a nonacceptance of the goods and damage therefor. But nonacceptance of the goods by defendant and plaintiff's knowledge of defendant's insolvency are indicated by one of plaintiff's three petitions, and the facts stated in the opinion filed indicate that full proof was made of the circumstances, and that the court did consider and decide the question of giving damage for breach of contract and denied such claim for two reasons, viz., those already stated.

Unless the court can be said to have gone beyond his jurisdiction in considering the matter of damages for refusal to accept the goods, we cannot say that the decision of those questions was not essential, for each was conclusive of plaintiff's right to recover damages in the view of that court, and, each being decided against plaintiff, it would be concluded elsewhere. Damages for breach of contract are legitimate claims against an insolvent's estate. *Lothrop* v. *Reed*, 13 Allen (Mass.), 294. Under bankruptcy law they may be proved. See Loveland on Bankruptcy (3d Ed.), p. 337, and following cases there cited: *In re Hirschman*, 104 Fed. 69; *In re Pettingill & Co.*, 137 Fed. 143. See remarks of Peckham, J., in *Dunbar* v. *Dunbar*, 190 U. S. 350. See, also, *In re Stern*, 116 Fed. 604, 54 C. C. A. 60, where it is held that claims for damages for breach of contract are provable claims. In any event, it is obvious that the court was in possession of defendant's estate, charged with the duty of

allowing claims. This plaintiff's claim was filed and heard. The judge passed upon the claim for goods sold and delivered, and denied it as not proved; there being no delivery. He then dealt with the question of damages for nonperformance, and denied those. The proceeding was in equity, and, having treated the statement of claim as sufficient to admit proof of the refusal to perform and heard proof which supported it, the judge evidently treated that view of the case as a subject for decision. If he erred, the remedy was in a direct proceeding. We cannot say that he was without jurisdiction, and we cannot be asked to inquire whether the pleading, if called such, justified his inquiry. A similar question arose in *Kellogg* v. *Thompson's Estate*, 115 Mich. 621, where it was held that the inadequacy of pleadings in the former suit was not an answer to the claim of "former adjudication." See, also, *Reid, Murdoch & Co.* v. *Parks*, 122 Mich. 364.

Being constrained to hold that the present claim was one provable before the Federal court, that proof was made tending to prove it, and the question considered and decided, we have no alternative but to reverse the judgment. A new trial is ordered.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.