FRIEDBERG *v.* BENNETT.

1. REPLEVIN—JUDGMENT—JUSTICES OF THE PEACE—REQUIREMENTS OF VALID JUDGMENT.

   In an action of replevin in justice's court a docket entry, purporting to be a judgment of the justice, "in favor of the plaintiffs and against the defendant for the right of possession of the goods and chattels mentioned in the writ," etc., is not a final judgment under 3 Comp. Laws, §§ 10660, 10676, 10677, providing that if the property shall not be found the plaintiff shall be entitled to a judgment in addition to damages and costs, ordering that the property be replevied, or that plaintiff recover the value as found.

2. SAME—BAR TO ACTION OF ASSUMPSIT—DEFENSES.

   And the justice's judgment was not a bar to a subsequent action in assumpsit for the value of the property.

3. ASSUMPSIT—DEFENSES—JUDGMENT.

   Assumpsit will lie for the value of property which was the subject-matter of a prior action of replevin, where it appears that when the replevin case was commenced the defendant was not in possession of the property, and that it was never taken under the writ.

Error to Wayne; Murfin, J.   Submitted June 16, 1911.
(Docket No. 80.)   Decided July 5, 1911.

Assumpsit by Jacob Friedberg and Morris Friedberg, copartners as J. Friedberg & Son, against Alvin S. Clark, whose death was suggested on the record after the action was commenced, and Charles D. Bennett, executor of decedent's estate, substituted.   A judgment for defendant on a verdict directed by the court is reviewed by plaintiffs on writ of error.   Reversed.

*Friedman & Smilansky,* for appellants.

*Clark, Lockwood & Bryant,* for appellee.

STONE, J.   On March 31, 1908, Alvin S. Clark purchased a pair of diamond earrings from the above-named plaintiffs for $625, on a written contract, by the terms of which the title to the earrings was to remain in the plaintiffs until the entire amount mentioned in the contract was paid.   Mr. Clark made several payments and then defaulted.   After several demands were made upon him for the payment of the balance due, or for the return of the earrings, a suit in replevin was instituted in justice's court in which the value of the diamonds was stated to be $500.   The constable did not secure the diamonds upon the writ of replevin, but the writ was personally served upon Clark.   He appeared in the action and pleaded the general issue.   After several adjournments were had, an alleged judgment was rendered in the following language:

"I therefore render judgment in favor of the plaintiffs and against the defendant for the right of possession of the goods and chattels mentioned in the writ, to be in the plaintiffs, with $3.00 costs.

"FRED E. DE GAW,
"Justice of the Peace."

Upon that alleged judgment an execution was issued in which the officer was commanded forthwith to cause to be returned to the plaintiffs the diamond earrings, and to

collect the costs.   This execution was returned unsatisfied. Subsequently this action was brought against Mr. Clark in the circuit court.   A declaration was filed containing a special count appearing to be in trover, and all the common counts in assumpsit.   The defendant pleaded the general issue.   Before the case came on for trial Mr. Clark died, and his death was suggested of record, and the suit was revived in the name of Charles D. Bennett, his executor.   Upon the trial the court permitted the plaintiffs to amend their declaration in the first count thereof, to show that the possession of the property had been originally obtained by Clark by virtue of the contract, and that the tort of the said Clark in converting the diamonds was waived, and assumpsit brought; and the defendant was permitted to amend his plea by giving notice that the former judgment in replevin was a bar to a recovery in this suit.   During the trial of the case the circuit court directed a verdict and judgment for the defendant on the ground that the action described in the plaintiffs' declaration was barred by the judgment obtained in the replevin suit, to which action exception was duly taken.   A motion for a new trial was subsequently made and denied, and exception thereto taken by the plaintiffs, and the case has been brought here by writ of error; the assignments of error relied upon being that the court erred in directing a verdict and judgment for the defendant for the reasons stated, and in not granting the motion for a new trial.

1. We are first confronted with the question whether there was a judgment or adjudication entered in the replevin suit which could be a bar to this action.   Our statute (§ 10660, 3 Comp. Laws) provides:

" If the goods and chattles specified in any writ of replevin shall not be found, or shall not be delivered to the plaintiff, he may proceed in the action for the recovery of the same, or the value thereof."

Section 10676, 3 Comp. Laws, provides as follows:

" If the goods and chattels specified in the declaration, shall not have been replevied and delivered to the plaintiff, such plaintiff, in case he shall recover upon the whole record, shall be entitled, in addition to his damages and costs, to a further judgment that such goods and chattels be replevied and delivered to him without delay; or in default thereof, that such plaintiff do recover from the defendant the value of such goods and chattels, as the same shall have been assessed."

Section 10677, 3 Comp. Laws, is as follows:

" The execution to be issued upon such judgment shall command the sheriff to levy the plaintiff's damages and costs, of the goods and chattels, lands and tenements of the defendant, as in other executions against property; and also to replevy the goods and chattels described in the declaration, which shall also be specified in the execution, and to deliver them to the plaintiff, if they can be found within his county, and if the same cannot be found, then that he levy the value of such goods and chattels, specifying the same, together with the aforesaid damages and costs, of the goods and chattels, lands and tenements of the defendant, as above provided."

It appears very clearly to us that the claimed judgment entered by the justice of the peace in the replevin suit was not such a judgment as is contemplated by the statute. In our opinion it was not a final judgment in any sense, such as would authorize the issuing of any execution. It did not adjudicate or order the recovery of the property. It must be held that the alleged trial was a mistrial, and that no final judgment was entered in the case, and no adjudication was had. It certainly cannot be said, in view of the section of the statute first above quoted, that the plaintiffs proceeded in the action for the recovery of the property. Neither can it be said that it was a judgment for the value thereof. It was the finding of a preliminary fact that was just as consistent with a judgment for the value of the property as for the recovery of the property itself. There was here no adjudication that the property should be replevied and delivered

166 MICH.—36.

to the plaintiffs, or, in default thereof, that the plaintiffs should recover from the defendant the value of the goods and chattels. It did not go far enough to satisfy the statute as to either judgment that the plaintiffs might have been entitled to. To find that the plaintiffs were entitled to the right of possession of the goods and chattels was not to render a final judgment under the statute.

While the forms generally in use may not be controlling they may be referred to as very persuasive in the case. An examination of the forms which have been in use in this State since Green's Practice was issued half a century ago (followed as it has been by Stevens' Practice and Abbott's Practice) will show that the forms of judgment in use have been adapted to the statutes above quoted, as have also the forms of execution. The execution issued instead of directing the sheriff to replevy the property and deliver the same to the plaintiffs, was rather in the form of an execution *de retorno*, which would have been appropriate had there been a recovery by the defendant, and he had desired a return of the property. It must be held, therefore, upon this record that the alleged judgment in the replevin case was no judgment which could be pleaded in bar of this suit, and that no final judgment was entered by the justice of the peace, but that the proceedings before him resulted in a mistrial. We think, therefore, that the learned circuit judge erred in holding that the order made by the justice was a judgment in bar of the plaintiffs' recovery in this suit.

It is not necessary for the disposition of this case for us to decide whether the plaintiffs might not have taken a judgment for the recovery of the property without electing to take a judgment for the value. There is authority to that effect to be found in *Hanselman* v. *Kegel*, 60 Mich. 540, 550 (27 N. W. 678, 682), where it is said:

"It will be seen by the statute first cited (§ 10660) that the plaintiff may elect to recover the property or the value thereof. The record shows that upon the trial the plaintiff elected to take a judgment for the value."

It seems to be the general practice in this State for the plaintiff to take his judgment in the alternative; but, as that question is not before us, we decline to decide it. In the instant case the plaintiffs did not elect to take either course.

2. Whether Clark was in possession of the goods and chattels at the time of the commencement of the replevin suit does not appear in this record. If he was not then in possession, this action would lie under any of our decisions. *Reid, Murdoch & Co.* v. *Ferris*, 112 Mich. 693 (71 N. W. 484, 67 Am. St. Rep. 437); *Reid, Murdoch & Co.* v. *Parks*, 122 Mich. 363 (81 N. W. 252).

While it might be interesting to review the numerous decisions of other States cited by counsel upon this question, we decline to do so in this case, for the reason that, in our opinion, there was no such final judgment entered by the justice of the peace as can be said to have been an adjudication, within the meaning of our statute governing the action of replevin.

For the error pointed out the judgment will be reversed and a new trial granted.

OSTRANDER, C. J., and BIRD, BROOKE, and BLAIR, JJ., concurred.