## ALDERTON *vs.* BUCHOZ.

A parol agreement for the sale and purchase of chattels for the price of $50 or upwards, without actual delivery of the property or any part, and where nothing is given as *earnest* or by way of payment, and no written note or memorandum of the agreement is signed by the party sought to be charged thereby, and no acts of ownership over the property are subsequently exercised by the vendee, although it was a condition of the agreement that the vendee should take the chattels where they then were, and the vendor should not be troubled to make any delivery; is within the statute of frauds, (*R. S.* 327, §3,) and void.

The vendee of personal property, by an agreement void under the statute of frauds, subsequent to the agreement enquired of a third party if he had in his possession a particular part of the property, and was answered in the affirmative. To which the vendee replied "very well." This was not such an exercise of ownership over the property subsequent to the agreement, as saved the case from the operation of the statute.

Case reserved from Washtenaw Circuit.

This was an action of assumpsit brought originally in a Justice's Court, to recover the value of a quantity of mill irons. It was appealed to the Circuit, and the facts found by the Circuit Court are substantially the following:

In May, 1851, the plaintiff was the owner of a quantity of mill irons of an oil mill, then recently burned, situated in Ann Arbor; part of the irons being on the ground where the mill was burned, and part in the cellar of a building in Ann Arbor, occupied by a Mr. Fall. The plaintiff, by his agent, sold the irons in May aforesaid, to the defendant, for the price of $70, payable November 1st, 1852. There was no note or memorandum of the agreement signed by either party, and no

written instrument to secure the payment of the purchase money. Defendant had examined the irons before the agreement and knew where they were. At the commencement of the suit they had been removed from the place where they were at the time of the bargain. There was no manual delivery at the time of the sale, of the property or any part of it, but it was expressly agreed that the defendant should take the property where it then was, and that the plaintiff should not be troubled to make any delivery. Neither party intermeddled with the irons until after the commencement of this suit, which was after November 1, 1852, except that some time after the transaction, the defendant called on one Greenman and stated that he had purchased the irons, and inquired if he had a particular iron belonging to the set in his possession, and was answered in the negative. Afterwards Greenman informed the defendant that he had the iron in question, to which the defendant replied, " very well."

*Colman & Root*, for plaintiff.

The subject matter of the sale in the case at bar was a *specific* chattel; the sale was absolute, and made *in presenti;* it was made upon a credit which was *fixed* and *limited.* Such a contract is good *immediately*, and its effect is to vest the property in the defendant. (*Chitty on Cont.*, 7th Am. ed. 375; *Dixon* vs. *Yates*, 5 *Barn. & Adol.* 340; 2 *Kent*, 692–3; *Com. on Cont.* 115–116.) It was expressly agreed that defendant should take the irons where they *then* were. The word " agreed," as here used, is the word of both parties, and when properly construed, the finding of the Court establishes the fact to be, that the plaintiff *delivered*, and the defendant *accepted*, the irons where they *then* were. (*Barton* vs. *McLean*, 5 *Hill*, 256, 8, 9; *Pordage* vs. *Cole*, 1 *Saund.* 319; *see cases cited*, 5 *Hill*, 258, 9.)

And the reason for this construction is strengthened by the consideration that the question whether there was an

*acceptance* and *receiving* of the irons, was one of fact, (*Chaplin* vs. *Rogers*, 1 *East.* 192,) or at least a mixed question of *law and fact*, and as regards the fact, must be considered as found by the Jury, or the Court sitting in place thereof. The case at bar is distinguished from Shindler *vs.* Houston, 1 Denio, 48. In that case the sale was for ready pay; no credit was agreed upon; the sum to be paid was not ascertained and fixed. The vendor had certain acts to perform on his part, such as getting the bill of inspection, &c. In this case, nothing further remained to be done *at the time*, by either party. The case is not authority beyond what is expressly adjudicated, and being in conflict with many well considered cases, ought not to be extended, if followed. (*Calkins* vs. *Lockwood*, 16 *Conn.* 154; *Houdlette* vs. *Tallman*, 2 *Shepley*, 400; *Boynton* vs. *Veazie*, 11 *Ib.* 286; *Wing* vs. *Clark*, *Ib.* 366; *Smith* vs. *Nevitt*, *Walker*, 370; *Riddle* vs. *Varnum*, 20 *Pick.* 283; *Jewett* vs. *Warren*, 12 *Mass.* 230; *Searle* vs. *Keaves*, 2 *Esp. Rep.* 598; *Chaplin* vs. *Rogers*, 1 *East.* 192; *Anderson* vs. *Scott*, 1 *Campb.* 235; *Hodgson* vs. *LeBret*, *Ib.* 233; *Elmore* vs. *Stone*, 1 *Taunt.* 458; *Barrett* vs. *Goddart*, 3 *Mason*, 107, *and cases there cited and referred to.*)

The contract proved in this case was *executed*, and not *executory*, and the cases are numerous and well considered, which hold that the statute has no application to such a case. (*Bucknam* vs. *Nash*, 3 *Fairfield*, 471; *Brown* vs. *Bellows*, 4 *Pick.* 179; *Stone* vs. *Dennison*, 13 *Ib.* 1; *Pomeroy* vs. *Winship*, 12 *Mass.* 514.)

A full and entire performance, or execution by one party, is sufficient. (*Eaton* vs. *Whitaker*, 18 *Conn.* 222.)

*O. Hawkins*, for defendant.

Was there any *acceptance or receipt* of the property purchased, or any part of it, by defendant? Clearly not. And as the whole contract or agreement rested wholly in parol, as such it is void.

*Mere words, without acts,* are not sufficient to take a case out of the operation of the statute. (1 *Comst.* 261 *to* 273; 5 *Hill,* 205.)

There must be such acts on the part of defendant in the acceptance and receipt of the property, as to give him the entire control of it, and put it beyond the reach of the plaintiff, discharged of all lien for the purchase money. (1 *Comst.* 237; *Story on Cont.* 866, § 790; *Chit. on Cont.* 341.)

The acceptance must be proved by some clear and unequivocal act of the party to be charged. The statute requires it. (10 *Met.* 132.)

The distinction once made that there was a difference between executory and executed agreements for the sale. of goods is entirely exploded and overruled. (*Chit. on Cont.* 340 *and notes.*)

By the Court, PRATT, J.

The question presented by this case is, whether the parol agreement between the parties for the sale of the mill irons, comes within the statute of frauds. If it does, it must be adjudged void. The statute (*R. S.* 1846, *p.* 327, § 3) is in these words: "No contract for the sale of any goods, wares or merchandize, for the price of fifty dollars or more, shall be valid, unless the purchaser shall accept and receive part of the goods sold, or shall give something as earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing, of the bargain, is made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." This provision is not only broad and comprehensive, but clear and explicit. It is not a new provision of law, or of recent origin, as it is with some few verbal alterations, a copy of the 17th section of the English Statute of Frauds, which was enacted as early as 1677, and has been in force ever since.

By the common law, before the passage of the English

statute, contracts and agreements were most commonly entered into without any writing, but this, as experience proved, was productive of many fraudulent and corrupt transactions, which those engaged in would generally seek to uphold and sustain, by perjury or subornation of perjury, and it was therefore found necessary that certain contracts and agreements should be reduced to writing and signed by the party to be charged, unless the purchaser accepted and actually received some part, at least, of the goods or property sold, or gave something as *earnest*, to bind the bargain, or in part payment therefor. The effect of this statute, in the prevention of frauds and perjuries, has always been regarded as salutary, and has been generally sanctioned and steadily upheld by the judiciary in England and this country; and every rational person must be convinced, upon a moment's reflection, that every provision of this statute ought to be strictly observed, and steadily enforced by courts, without the least laxity through unauthorized or latitudinarian constructions, be the consequences, occasionally to individuals, whatever they may.

In the application of this section of the statute to the case under consideration, it will be necessary to examine the contract for the sale of the irons. It conclusively appears from the facts found at the Circuit and certified to this Court, that the agreement for the sale of the irons was in parol, no note or memorandum in writing, of the bargain, having been made and signed by the party to be charged thereby; that the price of the iron as agreed upon by the parties was fifty dollars and over; that no part of the price was ever at any time paid by the vendor, either as an earnest to bind the bargain, or as part payment for the property, and that there never was any *actual* delivery of the articles, or any part of them by the vendor, nor any *actual* acceptance or reception of the whole or any part of them, by the vendee. These are facts, about which there does not appear to have ever

been any controversy between the parties ; and if the case had been rested here, no doubt could be entertained that it clearly came within the provision of the third section of the statute of frauds. But in argument, it was contended on the part of the plaintiff, that there was such a constructive delivery and acceptance of the property as would in the eye of the law, take the case out of the statute. It becomes necessary, therefore, to examine this position taken in the case.

Mr. Chitty says (*Chitty on Cont.* 390) that " in order to satisfy the statute, there must be a delivery of the goods by the vendor, with an *intention* of vesting the right of possession of the whole in the vendee ; and that there must be an actual acceptance by the latter, with an intention of taking the possession as owner, and that the acceptance must be unequivocal." This able writer, in terms, makes an actual acceptance of the property necessary to take a case out of the statute. But he goes further, and admits that it has been holden by judicial decisions, under the statute in England, that a written order given by the seller to the buyer, directing the dock company, in whose care the goods were, to deliver them to the vendee, is a sufficient constructive delivery within the statute. But in such case, says the writer, it is necessary not only that the purchaser should accept the order, but that the party holding the goods, and who is the agent of the vendor, should recognize the order, and assent to retain the goods for the vendee. So also, under a parol bargain for the sale of a stack of hay between the parties, on the spot, evidence that the vendee subsequently sold a part of it to another person, was held to be sufficient evidence to warrant a jury in finding a delivery to, and acceptance by the vendee. So also in Elmore *vs.* Stone, 1 Taunt. 458, where the plaintiff, who kept a livery stable, and was a horse-dealer, asked a certain sum as the price for a pair of horses, the defendant, after offering a less sum, which

was rejected, sent word to the plaintiff that "the horses were his, but as he had neither servant or stable, he wished the plaintiff to keep them *at livery for him.*" The plaintiff thereupon removed the horses out of his sale stable into another. And it was decided by the Court, that the act of the plaintiff, pursuant to the agreement to purchase, in removing the horses from his sale stable into another, amounted to a delivery, within the statute of frauds.

This is the strongest English case for the plaintiff, to be found. But the case in several subsequent cases, was much doubted, although never expressly overruled. In this country it has been decided, that where goods were sold while they were in the possession of a bailee on storage, a delivery of the certificate of the bailee, acknowledging that he had the goods in his possession on storage, was a sufficient constructive delivery of the goods. It has also been held that the cargo of a ship at sea, may be transferred under a verbal sale, by a delivery of the bill of lading with the proper assignment endorsed on it. In all of these cases, acts subsequent to the agreement of sale, were alone regarded as evidence of a constructive delivery and acceptance of the property. But in the case before us there are no such subsequent acts. It is true that it has been held, and so Mr. Comyn in his treatise on Contracts and Agreements lays down the doctrine, that where the goods sold are ponderous, and not capable of actual delivery, and the vendee accepts them, and in virtue of such transfer, proceeds to exercise a right over them by disposing of them, or by giving orders and directions respecting them as the owner thereof, such acts may countervail the *actual delivery* and vest the property in the vendee. Delivery by construction has never been extended beyond this rule laid down in Comyn on Contracts, and in the case under consideration, it does not appear that the articles were ponderous, or that they were so regarded by the parties, and this is a fact which cannot legally be presumed without proof. Not only so, it is a fact notorious, that many of the irons for

any kind of a mill are not ponderous, and a delivery of part of them would have satisfied the statute. And most certainly it does not appear that the vendee ever, at any time subsequent to the agreement, assumed to take possession of the irons, or any part of them, or to exercise any right over them by disposing of them, or by giving any orders or directions in relation to them, as owner or otherwise. But the stipulation of the defendant in the agreement to take the irons where they then were, was also relied on in argument, as evidence to save the case from the effect of the statute. This however will not do. This stipulation was a part of the entire verbal agreement, and it cannot be separated ; hence, the contract being void by the statute, this stipulation must fall with the other provisions. Such is the express decision of the Court in Shindler *vs.* Houston, (1 *Comst. R.* 261,) which is a very strong case in point, and in which it is also expressly decided, that the statute can only be satisfied by something done subsequent to the sale, unequivocally indicating the mutual intentions of the parties; that mere words are not sufficient.

This is the only sound view which can be taken of the third section of the act, and give it the force and effect intended ; and with this view, it must be apparent that the plaintiff's case, now under consideration, stands upon the naked verbal agreement of the parties alone. Upon such ground, with no other foundation to uphold it, neither that or any other similar case can be sustained without violating both the letter and spirit of the statute of frauds, which has been pronounced to be " the most comprehensive, salutary, and important legislative regulation, affecting the security of private rights, to be found on record."

Let it be certified to the Circuit Court for the County of Washtenaw as the opinion of this Court, that the plaintiff is not entitled to recover.

Certified accordingly.