Popp vs. Swanke and others.

POPP, Respondent, vs. SWANKE and others, Appellants.

*February 7 — March 1, 1887.*

**Statute of frauds: Oral contract for the sale of lands: Specific performance.**

1. Under sec. 2304, R. S., an oral agreement for the sale of lands is *void*, not voidable merely, and specific performance will not be enforced on the ground of a part performance unless otherwise the defendant would be enabled to practice a fraud upon the plaintiff.
2. Parol evidence of an agreement for the sale of land was admitted upon the trial without objection, but the court was requested to find as a fact that the contract was oral, and as a conclusion of law that it was void. *Held*, that this was sufficient to raise the question of the validity of the contract.
3. S., having agreed orally to convey certain land and certain personal property to P. in payment for certain lumber to be delivered to him by P., executed a deed of the land to P. and delivered it to a third person in escrow, and also executed a written instrument by which he transferred " all the farming utensils belonging to me on the farm described as follows [describing the land]; the said farm being this day conveyed by me to said P. ; also one hundred bushels of oats, fifty bushels of wheat, and six tons of hay out of the crops now growing and being on said premises." *Held*, that the contract was within the statute (sec. 2304, R. S.) and void.

APPEAL from the Circuit Court for *Green Lake* County.

Action to enforce the specific performance of a contract for the sale of land. The complaint alleges that the plaintiff and the defendant *August Swanke* entered into an agreement by which the plaintiff sold to said defendant a lot of lumber which the plaintiff owned and had at Saxeville, Waushara county, and Fremont, Waupaca county, the lumber at Saxeville to be transported by the plaintiff to Tustin, Waushara county, and the lumber at Fremont to be taken by said defendant at that place; that the said defendant was to pay therefor the S. ½ of the S. E. ¼ of section 14, town 25, range 8, west, in Eau Claire county, and all the farming utensils belonging to said defendant thereon; also

one hundred bushels of oats, fifty bushels of wheat and six tons of hay out of the crops then growing on said premises; also one buggy and $20 in money; that thereupon the said defendant gave the plaintiff an instrument in writing in the words and figures following:

"PRINCETON, WIS., May 20th, 1884.

"For a valuable consideration I hereby sell and set over unto *Ferdinand Popp* all the farming utensils belonging to me on the farm described as follows, to wit: ' South half of the south-east quarter of section fourteen (14), town twenty-five (25), range eight (8), west, in Eau Claire county.' The said farm being this day conveyed by me to the said *Ferdinand Popp;* also one hundred bushels of oats, fifty bushels of wheat, and six tons of hay out of the crops now growing and being on said premises as aforesaid mentioned and described.                    AUGUST SWANKE."

The complaint further alleges that at the same time the said defendant *August Swanke* and his wife executed a warranty deed to the plaintiff of said land, and the same was to be delivered to the plaintiff when he had the lumber at Tustin.

The complaint further alleges that the plaintiff has performed all the conditions of said contract on his part; that he duly transported to Tustin all of said lumber which was at Saxeville, and that the said defendant has taken all of said lumber which was at Fremont and three fourths of the lumber which was at Saxeville; that the said defendant has delivered to the plaintiff said buggy, but in all other things refuses to fulfil and perform the conditions of said agreement on his part; that he refuses to permit the defendant *Harroun* to deliver said deed to the plaintiff, and refuses to deliver possession of said land or of said farming utensils, grain, and hay, and refuses to pay the plaintiff said twenty dollars.

The answer states the contract substantially as it is alleged

in the complaint except that it denies that the defendant agreed to pay $20 in money, and alleges that the lumber was to be delivered at Tustin and Fremont free and clear of all charges whatsoever, and that the plaintiff then represented and it was understood that the lumber was unmeasured but contained about 140,000 feet. It admits the making of the instrument set out in the complaint, and also the execution of the warranty deed, as a part of the agreement, and alleges that said deed was delivered in escrow to the defendant *Harroun*, to be delivered to the plaintiff when he had delivered the lumber free of all charges as above stated.

The answer further alleges that the plaintiff has not performed all the conditions of the contract on his part, and that he has neglected and refused to deliver from 30,000 to 40,000 feet. It admits that the defendant *August Swanke* has taken all of the lumber which was at Fremont and a portion thereof which was at Saxeville, and admits that the plaintiff demanded the deed of the defendant *Harroun*, and that the latter refused to deliver the same to the plaintiff. It alleges that when the plaintiff demanded said deed it was not due to him, and he was not entitled to have and receive the same because he had not delivered said lumber or otherwise performed the conditions of said contract on his part; and further alleges that the defendant *August Swanke* "has always been ready and still is ready whenever the plaintiff shall deliver as by him agreed said lumber, to have the deed so placed in escrow delivered to the plaintiff."

The court found as facts that an agreement was entered into as alleged in the complaint, except that the plaintiff was not to be paid $20 in money; that the plaintiff has substantially complied with said agreement, but has failed to deliver 10,000 feet of lumber of the value of $110; that the value of said farm was $1,400, and the yearly value of the

use thereof was $300; that the amount of lumber delivered was 84,000 feet of the value of $11 per M.; that the value of the grain and hay to be delivered by the defendant *Swanke* was $110, and the value of the farming utensils was $100; that there was no fraud in the said agreement or in the procurement thereof, and no claim of such was made until the trial of this cause, and such issue is not raised by the pleadings; that the defendant *Swanke* has had the use of said lumber for about two years, and has never offered to return or pay for the same, and has also had the use of said farm.

As conclusions of law, the court held that the plaintiff is entitled to the immediate delivery and possession of said deed from the defendant *Harroun;* that the plaintiff is entitled to the immediate delivery and possession of said land and farm, and the said farming utensils, from the defendant *Swanke;* that the plaintiff is not entitled to the delivery of said grain from *Swanke*, and that said grain be offset against said lumber not delivered; and that neither party recover costs.

From the judgment entered accordingly the defendants appealed.

For the appellants there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Thompson.*

For the respondent the cause was submitted on the brief of *Gabe Bouck.* He contended, *inter alia*, that the question of the validity of the contract was not raised by the pleadings or evidence, and it is too late to raise it in this court. That it was oral is only a matter of inference. Wood on Frauds, sec. 537; Browne on Stat. Frauds, secs. 505, 555; Reed on Stat. Frauds, secs. 529–541, and cases cited in notes; *Duffy v. O'Donovan*, 46 N. Y. 226; *Marston v. Swett*, 66 id. 206; *Bommer v. Am. Spiral S. Co.* 81 id. 468; *Alger v. Johnson*, 4 Hun, 412; *Thurman v. Stevens*, 2 Duer, 609; *Lewin v. Stewart*, 10 How. Pr. 513; *Gardner v. Armstrong*, 31 Mo. 535; *Dinkel v. Gundelfinger*, 35 id. 172, 553;

*Sherwood v. Saxton,* 63 id. 78; *Allison v. C. & N. W. R. Co.* 42 Iowa, 274; *League v. Davis,* 53 Tex. 14; *Sinclair v. Armitage,* 12 N. J. Eq. 177. Where the defendant admits a verbal contract by his answer the case will be taken out of the statute, even if there has been no part performance. Wood on Frauds, secs. 514, 517 and cases cited.

COLE, C. J. There is an insuperable difficulty in the way of affirming this judgment. The action is to enforce the specific performance of a parol contract for the sale of land. There has been no such part performance of the contract as will, under the decisions of this court, take the case out of the statute. *Blanchard v. McDougal,* 6 Wis. 167; *Smith v. Finch,* 8 Wis. 245. In *Smith v. Finch,* WHITON, C. J., says: "It is only in cases where the defendant would be enabled to practice a fraud upon the complainant unless the contract is specifically executed that a court of equity will interfere. If the purchaser has gone into possession of the land so as to render him liable as a trespasser if the agreement is held void, the court will enforce performance." Our statute expressly declares that every contract for the sale of lands shall be void unless the contract, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the party by whom the sale is made, or by his lawfully authorized agent. Sec. 2304, R. S. The difference between the phraseology of our statute and that of the English statute of 29 Car. II., and of the statutes of most of our sister states, is pointed out by DIXON, C. J., in *Brandeis v. Neustadtl,* 13 Wis. 142. Our statute says the contract *shall be void* if not in writing. It is not merely voidable, as the learned counsel for the plaintiff contends. The distinction between a void and a voidable contract is important, and cannot be disregarded. The contract in question is of the former character.

But the same counsel suggests that it is too late to raise

the objection that the contract is invalid, because the objection was not taken by the pleadings or evidence. But the objection, we think, is available as the record stands. The answer states, in substance, that the plaintiff and defendant entered into a parol agreement, whereby the plaintiff sold to the defendant a lot of lumber which the plaintiff owned and had at Saxeville in the county of Waushara, and at Fremont in the county of Waupaca; that by the terms of this agreement it was provided that the plaintiff should transport and deliver the Saxeville lumber at Tustin free from charges, etc.; that in consideration thereof the defendant was to convey to him the land referred to in the complaint, and, in addition, transfer certain personal property named; that at the time, as a part of the arrangement or agreement, the defendant and wife executed a deed of the land to the plaintiff, and delivered it in escrow to the defendant *Harroun*. The answer further alleges that the plaintiff failed to perform the conditions of the contract on his part to be performed. All of the evidence in regard to the parol contract seems to have been admitted without objection — the parties differing materially as to its terms. At the close of the trial the defendant's counsel requested the court to find as a fact that the contract was by parol, and as a conclusion of law that it was void under the statute. This was sufficient to raise the question as to the invalidity of the contract in the court below.

From this statement of the case it is very plain that it comes fully and precisely within the decision in *Campbell v. Thomas*, 42 Wis. 439; for it is impossible to distinguish the cases upon any material point. There, in pursuance of an oral agreement for the sale of land by the defendant to the plaintiff, the latter paid a small part of the purchase money, and the defendant executed a deed of the land running to the plaintiff (in which the consideration was simply stated to be $3,100), and delivered the conveyance to H., with di-

rections to deliver it to the plaintiff if the latter should on the second day thereafter deposit with H. his two notes for a certain sum secured by a mortgage, and also pay to H. for the defendant the balance of the consideration. Within the time, the plaintiff offered to H. the notes, mortgage, and money; but H., by the defendant's direction, refused to deliver to him the deed, and at the same time tendered back to the plaintiff the money already paid. In an action against the vendor and depositary to compel a delivery of the deed to the plaintiff, the court held that the contract of sale, resting as it did in parol, could not be enforced. The case was very fully and ably argued on the first hearing and on the rehearing which was granted, and it was most carefully and thoroughly examined by the court. The instructive opinions filed by Mr. Justice LYON and the chief justice contain all the law and reasons which need be presented to vindicate the soundness of the decision made. It would be idle to enter upon a further discussion of the question here.

In this case all the terms for the contract of sale rest in parol, the consideration for the conveyance, and the stipulations as to the sale and delivery of the lumber. True, the defendant *Swanke* gave a written bill of sale of the personal property which the evidence shows he sold with the land, in which he transfers " all the farming utensils belonging to me on the farm described as follows, to wit: S. ½ S. E. ¼ sec. 14, town 25, range 8 west, in Eau Claire county,— the said farm being this day conveyed by me to said *Ferdinand Popp;* also one hundred bushels of oats, and fifty bushels of wheat, and six tons of hay out of the crops now growing and being on said premises as aforesaid mentioned and described." But this bill of sale does not state that the personal property sold and farm conveyed was in consideration of the lumber purchased. So, when we inquire what the contract for the sale of the land was, we

find it was not in writing. Therefore it is obvious that there was no valid contract to sell and convey the land, because all rested in parol. Perhaps no case could be presented which would more forcibly illustrate the wisdom of the statute than the one at bar. The contract of sale, as stated in the complaint, differs from the contract set forth in the answer. The parties differ materially as to the terms of the contract in their testimony. The defendant says .that the plaintiff represented that the saw-bill called for from 140,000 to 145,000 feet, and that he relied upon this statement as to the quantity of lumber purchased. The court found that the quantity of lumber delivered was 84,000 feet, which the plaintiff says was all he undertook to deliver. And there were other differences in the versions which the parties give of the transaction. The parties contradict each other; one or the other perhaps " committing just such perjury as the statute was passed to prevent." RYAN, C. J., in *Campbell v. Thomas.*

But it is said the bill of sale to which we have referred, and the conveyance of the land made at the time and deposited with *Harroun* in escrow, satisfy all the requirements of the statute. But the bill of sale states no contract for the sale of land. It describes the farming utensils and crops sold as being and growing upon a tract of land which " is this day conveyed by me to *Ferdinand Popp.*" But this shows no valid contract for the sale of the land. We must still resort to parol evidence to ascertain what that contract was. But this we are not permitted to do, because the statute requires such a contract, or some note or memorandum thereof expressing the consideration, to be in writing.

The court found that the plaintiff delivered on the contract 84,000 feet of lumber, of the value of $11 per thousand. No exception is taken to this finding upon either side. The plaintiff admits that he received a buggy on the contract, the value of which is not determined. The counsel for the

defendant states that he concedes the right of the circuit court, under the circumstances, to retain jurisdiction of the action for the purpose of awarding compensation to the plaintiff for the value of the lumber delivered, after deducting the price of the buggy. Certainly, such a judgment would work no injustice to any one, and the rights of the parties can be fully protected by the court so adjusting the matter, and save them the expense of bringing a suit at law to recover the value of the lumber. Of course, the question of costs can be settled by the court below as justice may require.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.