BREWSTER LOUD LUMBER CO. v. GENERAL BUILDERS'
SUPPLY CO.

1. ACCOUNT, ACTION ON—OPEN ACCOUNT—STATUTES.
   A stated and rendered account, to which as such no ob-
   jection is made, becomes liquidated, and is not, in con-
   templation of law, an open account within 3 Comp. Laws
   1915, § 14217, providing that plaintiffs, in actions founded
   on an open account, shall embrace all claims then due on
   account.[1]

2. ACTION—CONSOLIDITION OF ACTIONS—STATUTES.
   Under 3 Comp. Laws 1915, § 12309 et seq., an action in
   replevin in circuit court for possession of goods delivered
   to defendant and two actions brought in justice's court
   to recover the price of goods covered by the same con-
   tract, which it was unable to replevy, in which appeals
   had been taken to circuit court, and in which there were
   no issues of fact, could be consolidated.[2]

3. SAME—TORT MAY BE WAIVED AND SUIT BROUGHT IN ASSUMPSIT.
   The owner of property fraudulently converted may waive
   the tort and sue in assumpsit.[3]

4. SALES—UNCONDITIONAL DELIVERY PASSES TITLE AND RIGHT OF
   POSSESSION.
   Unconditional delivery of goods sold to the buyer and ac-
   ceptance by it passed the title and right of possession
   thereto, although not paid for, and nothing remained be-
   tween the parties but an unsecured debt owing by the
   buyer to the seller, for which judgment might be recovered
   in an action of assumpsit.[4]

5. FRAUDS, STATUTE OF—ORAL CONTRACT—DELIVERY — SUBSTITUTE
   FOR DELIVERY.
   An oral contract for the return of two car loads of lath
   by the buyer to the seller was void under the statute of
   frauds (3 Comp. Laws 1915, § 11835), where there was
   no act of delivery or present acceptance by the seller, and
   the condition that the seller take the lath from where

[1]Accounts and Accounting, 1 C. J. § 276; [2]Actions, 1 C. J. §
318; [3]Id., 1 C. J. § 158; [4]Sales, 35 Cyc. p. 279.
On right to sue upon separate items of an account for goods sold
upon stated periods of credit, see note in 13 L. R. A. (N. S.) 529.

they were was not a substitute for delivery within the meaning of said statute.[5]

6. SAME—CANCELLATION OF DEBT NOT AN EARNEST UNDER STATUTE
    —DELIVERY.
      That the cancellation of the debt was the consideration
      for the return of the lath, *held*, not an earnest which
      satisfies the statute, in the absence of any act of the parties
      of such character as to constitute delivery or to place the
      property within the power of the seller.[6]

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted May 1, 1924. (Docket No. 100.) Decided October 6, 1924.

Replevin by the Brewster Loud Lumber Company against the General Builders' Supply Company for the possession of certain lath. The case was consolidated with two actions of assumpsit which defendant had appealed from justice's court. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Daniel P. Cassidy*, for appellant.

*Thomas A. E. Weadock*, for appellee.

STEERE, J. Plaintiff was engaged in the lumber business in the city of Detroit, with offices at 508 Lincoln building,. and defendant was carrying on a general builders' supply business, at Rademacher avenue "near Dix," in said city. On August 21, 1921, defendant ordered from plaintiff two car loads of lath, the agreed price and terms being approximately $1,700, "freight net cash" with 2% discount on the balance if paid within 10 days after delivery. Delivery was duly made and so far as shown no question was ever raised as to the quality or quantity of the lath, but

[5]Frauds, Statute of, 27 C. J. § 235, § 273; [6]Id., 27 C. J. § 301.

defendant never paid or offered to pay for the same in whole or in part.

After the bill was past due plaintiff's agent made unsuccessful efforts to collect the same but was put off from time to time with various excuses.    Some 4 or 5 weeks after the lath had been delivered, when he was pressing payment to defendant's manager, LeBlanc, who had signed the order, the latter claimed as an excuse for default in payment that they had not been able to sell them.    The agent then told him the lath were worth more money than when sold to defendant and offered to take them back, to which LeBlanc replied: "All right—take them away—take your lath."    Acting on this offer and acceptance plaintiff's agent later sent trucks to take away the lath, but learning from a truck driver that they were going to a near-by competitor in the building supply business LeBlanc refused to let plaintiff have them. The agent then went to see LeBlanc again and demanded "either the lath or the money," to which LeBlanc replied: "You can't have the lath and I won't give you the money."    Plaintiff then sued out a writ of replevin for the lath in the circuit court of Wayne county.    In serving the writ the sheriff was unable to find all the lath it called for.    The quantity found and seized under the writ was inventoried at $828.72, and delivered to plaintiff.

Plaintiff thereafter brought two actions in justice's court to recover for the lath delivered to defendant which it was unable to replevy, the first for 41,300 pieces of No. 3 white pine lath for which it recovered a judgment of $373.42, with costs, and the second for 49,850 pieces of No. 1 and 2 white pine lath for which it had judgment for $396.81, without costs.    Appeal was taken by defendant to the circuit court of Wayne county from both of these judgments.    Pleadings were perfected in the replevin case and plaintiff's counsel

then moved the circuit court for consolidation of the three cases pending and at issue in that court, under section 12309 *et seq.,* 3 Comp. Laws 1915. This motion was granted, against defendant's objection, and an order of consolidation duly entered. The consolidated case was tried before a jury on April 23, 1923. Defendant offered no testimony. The facts shown by plaintiff's evidence were undisputed. Both parties asked for a directed verdict. The court directed a verdict in plaintiff's favor of 6 cents as damages in the replevin feature of the case and "for the goods and chattels not replevied," including interest, $822.88, with costs to be taxed.

Defendant's counsel duly saved the questions brought here for review by motions, objections, requests, etc. Condensed, they are in substance that the court erred in granting the order of consolidation, in holding that replevin would lie, and that plaintiff could split its single cause of action for lath into the two causes of action brought in justice's court.

Plaintiff seeks to justify the two actions in justice's court under section 14217, 3 Comp. Laws 1915, which provides:

"SECTION 3. Plaintiffs, in actions founded on open account, shall embrace all claims then due on account, or failing so to do, shall not recover costs on any subsequent suit or claims not so embraced."

The account out of which this litigation arose was for a single consignment of goods, delivered on a single order. Quantity, price and receipt thereof by defendant are not in dispute. It was a single contract entirely executed. A stated and rendered account to which as such no objection is made becomes liquidated and is not in contemplation of law an open account. Difficulties encountered by the creditor in collecting the account do not change its character. It may well be questioned whether this claim, or the portion of

it for which separate actions were brought in justice's court, falls within the class of open accounts contemplated in the section relied on in view of what this court and others have said upon the subject in its various aspects, and the distinction pointed out. *Dutton* v. *Shaw*, 35 Mich. 431; *Stickel* v. *Steel*, 41 Mich. 350; *Kruce* v. *Lakeside Biscuit Co.*, 198 Mich. 736; *A. Krolik & Co.* v. *Ossowski*, 213 Mich. 1; *Williams-Abbott Electric Co.* v. *Model Electric Co.*, 134 Iowa, 665 (112 N. W. 181, 13 L. R. A. [N. S.] 529, and notes). The three actions were between the same parties, involved the same subject-matter, arose out of a single executed contract, as heard presented no issues of fact, and we see no legal obstacle to their consolidation under the section of the judicature act referred to.

But the more serious and fundamental assignment of error which goes to the bottom of all the consolidated cases is that each is based on the theory of a tort arising from defendant's unlawful refusal to surrender possession of the property. In the justice's court cases plaintiff's declarations state the causes of action as arising from a described fraudulent conversion but, waiving the tort as the law allows, ask judgment as in assumpsit.

When that bill of lath was sold, unconditionally delivered to and accepted by defendant the title and right of possession passed to it. Nothing remained between the parties but an unsecured debt owing by defendant to plaintiff, for which judgment might be recovered in an action of assumpsit.

Plaintiff brought its replevin suit and supplemental actions on the strength of an oral agreement made some weeks later by which it claimed to become owner of the lath, re-invested with title to it and right of possession. Defendant pleaded and consistently insisted that the oral agreement, or sale back, claimed

to have been made at that time was void under the statute of frauds (section 11835, 3 Comp. Laws 1915), which provides:

"A contract to sell or a sale of any goods or choses in action of the value of one hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf."

The transaction upon which plaintiff relies to show title and right to possession consisted solely of a conversation. There was no act of delivery or present acceptance of possession by plaintiff's agent. He is not even shown to have seen the property at that time. There was no constructive delivery. The condition that plaintiff take the lath from where they then were was not a substitute for delivery within the statute of frauds. *Alderton* v. *Buchoz*, 3 Mich. 322. The property in question was of value far upwards of $100.

Our statute of frauds is old in substance and phraseology, the principal change being an increase of the required value of the goods, or choses in action, from $50 to $100. Under it the law has long been settled in this State that mere spoken words unaccompanied by any act of delivery, payment or present acceptance of possession cannot constitute a valid contract of sale, either executory or executed, or transfer title to personal property of value equal to or above the statutory limit.

Conceding it fairly inferable from what was said that the parties intended and mutually understood that cancellation of defendant's indebtedness was the consideration for transferring title and possession of the

property to plaintiff, it cannot be assumed that would be done until possession was taken and counsel cites us to no authority holding that an oral agreement to give and accept property in satisfaction of a debt is an earnest which satisfies the statute of frauds. In *Marsh* v. *Rouse*, 44 N. Y. 643, 647, the court said that to take the case out of the statute of frauds "the acts (not words) of the parties must have been of such a character as to unequivocally place the property within the power and under the exclusive dominion of the buyer." No such acts are shown to have taken place in the instant case at the time of the claimed agreement, or later.

In *Gorman* v. *Brossard*, 120 Mich. 611, defendant sought to avail himself of an oral agreement whereby plaintiff was to buy back certain curb-stone purchased from him by defendant in payment of a balance yet due for a quantity of stone the latter had ordered and received from plaintiff, of which the stone in question was a part, but the court held that in the absence of a receipt or other evidence, beyond mere words, showing extinguishment of the debt the oral agreement could not be sustained against the objection that, in the absence of proof of delivery, it violated the statute of frauds. The subject is there quite fully discussed with citation of authority. No payment or delivery is shown here taking the oral agreement relied on by plaintiff out of the statute.

The judgment is therefore reversed, with costs to defendant, and a new trial granted.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.