BREWSTER LOUD LUMBER CO. *v.* GENERAL BUILDERS' SUPPLY CO.

1. ELECTION OF REMEDIES—EFFECT OF COMMENCING WRONG ACTION.
   Where a party has only one right of action, and by mistake begins the wrong action, there is no election of remedies, and he is not thereby deprived of his right to maintain the appropriate action.[1]

2. JUDGMENT—RES ADJUDICATA—SPLITTING CAUSE OF ACTION.
   Where a party wrongfully splits his single cause of action into two separate suits in justice's court, the judgment in the first suit is a bar to the second.[2]

3. REPLEVIN—PURPOSE OF ACTION.
   The purpose of the action in replevin is to recover the possession of goods unlawfully detained, and no recovery may be had for goods not in possession of the defendant at the time the writ issues, except where they have been fraudulently disposed of or concealed to avoid the writ.[3]

4. PLEADING — ACTION — REPLEVIN — AMENDMENT — INCONSISTENT COUNTS.
   Where a party had a right of action for the purchase price of lath sold, but mistakenly brought action in replevin, which it could not maintain because the lath was not unlawfully detained, it was not entitled to amend its declaration by adding a count in assumpsit.[4]

5. ACTION—JOINDER OF ACTIONS—JUDICATURE ACT—COURT RULE.
   The provision of the judicature act (3 Comp. Laws 1915, § 12309), authorizing the joinder in one action of as many causes of action as plaintiff may have against the defendant, does not refer to the joinder of actions or to counts applicable to different actions, but is limited to the joinder of causes of action in one action; nor does Circuit Court Rule No. 22, § 4, permit such practice.[5]

6. SAME.
   Where a party having a right of action for the purchase price of certain lath, mistakenly brought action in replevin,

[1]Election of Remedies, 20 C. J. § 17; [2]Judgments, 34 C. J. § 1239; [3]Replevin, 34 Cyc. pp. 1353, 1396, 1399; [4]Pleading, 31 Cyc. p. 414; Replevin, 34 Cyc. p. 1489; [5]Actions, 1 C. J. § 226.

under which it recovered possession of part of the lath sold, and thereafter instituted two actions in justice's court to recover the value of the rest of the lath, and all of the actions were consolidated in the circuit, *held*, that the defendant is entitled to judgment in the replevin action for the value of the lath taken thereunder, that plaintiff is entitled to judgment in the first justice's court case, and that defendant is entitled to judgment of no cause of action in the second.[6]

Error to Wayne; Miller (Guy M.), J. Submitted January 5, 1926. (Docket No. 9.) Decided March 20, 1926.

Replevin by the Brewster Loud Lumber Company against the General Builders' Supply Company for the possession of certain lath. The case was consolidated with two actions of assumpsit which defendant had appealed from justice's court, and plaintiff was permitted to amend his declaration in replevin by adding a count in assumpsit. Judgment for plaintiff. Defendant brings error. Reversed, and remanded.

*Daniel P. Cassidy*, for appellant.

*Thomas A. E. Weadock*, for appellee.

McDONALD, J. On August 29, 1921, the plaintiff sold and delivered to the defendant a quantity of lath, the purchase price of which was $1,679.13. Defendant failed to pay. Plaintiff began a suit in replevin to recover the lath. Under the writ the sheriff took possession and turned over to the plaintiff a part of the lath inventoried at $828.72. The plaintiff then began two suits in justice's court to recover the value of the lath not obtained by the writ of replevin. In the first justice's court suit plaintiff recovered a judgment of $373.42. To the second justice's court suit the defendant pleaded *res adjudicata*, but the plaintiff

---

[6]Actions, 1 C. J. § 352.

recovered a judgment in this suit for $396.81. The defendant appealed both justice's court suits to the circuit court. In the circuit court, on motion of the plaintiff, the replevin suit and the two justice's court suits were consolidated. They were tried together and the plaintiff received by direction of the court a verdict and judgment of six cents in the replevin suits and $822.88 in the two justice's court suits. In 228 Mich. 559, this judgment was reversed by the Supreme Court and a new trial granted, the court holding that the plaintiff could not maintain the replevin action and could not split a single cause of action into the two actions brought in justice's court.

When the consolidated causes again came on for trial in the circuit court, counsel for the plaintiff, over defendant's objections, was permitted to amend his declaration in the replevin suit by adding a count in assumpsit for the entire value of the lath sold. The case was tried before the circuit judge without a jury. Counsel for the defendant waived a return of the lath taken on replevin and moved for a judgment for the defendant in that suit for the value of the lath taken on the writ, which was shown to be $828.72. He also moved for a judgment of no cause of action in the two justice's court suits. The court denied these motions and entered a judgment for the plaintiff in the sum of $850.41. He arrived at that amount by giving the plaintiff credit for $1,679.13, that being the purchase price of all the lath and deducting therefrom $828.72, which was the value of the lath recovered by the plaintiff on replevin. The defendant brings error.

The principal question involved is whether, under the circumstances of the case, the court erred in permitting the plaintiff to amend his declaration in the replevin suit by adding a count in assumpsit. When this case came back to the circuit court for a retrial,

the trial judge had presented to him three cases which had been consolidated, the two justice's court cases and the replevin suit. There were no disputed questions of fact. As we shall presently show, the defendant had no defense of merit to the first justice's court case. The plaintiff was entitled to a judgment in that case for $373.42. Because the plaintiff had wrongfully split his single cause of action into two separate suits in justice's court, the judgment in the first suit was a bar to the second. Therefore, in the second justice's court suit the defendant was entitled to a judgment of no cause for action. As to the replevin suit the Supreme Court had held that it could not be maintained. Therefore, the defendant, having waived a return of the goods, was entitled to a judgment for their value. Under these circumstances, was the trial court right in permitting the plaintiff to amend his replevin declaration by adding a count in assumpsit and entering a judgment for the full value of the lath in that suit?

In the beginning the plaintiff had a single cause of action in assumpsit to recover $1,679.13, which the defendant owed for a quantity of lath. He had no other remedy. But he thought he had and began suit in replevin. This court held that the remedy by replevin was not available to him. Inasmuch as he had but one remedy there was no election. It was a mistake of remedy. As this court has said:

"There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had." McLaughlin v. Austin, 104 Mich. 489.

Not having elected his remedy, but merely being mistaken as to it, when he failed in the replevin case, the plaintiff had a right to begin an action in assumpsit

for the entire value of the lath.    But the two justice's court cases were in his way.    It will be remembered that they had been begun to recover the value of the goods not taken on the writ of replevin.    They were still pending in the circuit court, having been consolidated with the replevin suit.    To one of these justice's court cases the defendant had a complete defense.    The consolidation of the cases did not deprive him of this defense, but the amendment to the declaration in replevin did.    In fact, after the declaration in assumpsit was injected into the replevin action, the trial court entirely ignored the two justice's court cases.    He made no disposition of them.    He did not consider them in arriving at his judgment.    He decided only the replevin suit.

There can be no recovery by the plaintiff for value in the replevin suit.    The purpose of the action in replevin is to recover the possession of goods unlawfully detained.    But in case the plaintiff can maintain his action he can recover the value of goods not taken, if they have been fraudulently disposed of or concealed to avoid the writ.

"The rule is well settled that in replevin no recovery can be had for goods not in possession of the defendant at the time the writ issues, except where the goods have been fraudulently disposed of or concealed to avoid the writ." *Reid, Murdock & Co.* v. *Ferris,* 112 Mich. 693 (67 Am. St. Rep. 437).

See, also, *Reid, Murdock & Co.* v. *Parks,* 122 Mich. 363; *Farwell* v. *Myers,* 59 Mich. 179.

In the instant case the plaintiff had no cause of action in replevin.    The goods were not unlawfully detained by the defendant.    There could be no unlawful conversion, and, therefore, the plaintiff could not recover the value of any part of the goods in that action.    The failure of the replevin suit has taken any question of the unlawful conversion out of the

case.    So that under the circumstances of this case the plaintiff could not add a count for conversion to his declaration in the replevin suit and recover the value of the goods under it; and if he could not do that he certainly could not add a count in assumpsit.

There is no provision in the judicature act or in any rules adopted by this court that have changed the practice as to the joinder of counts in replevin actions. Our attention is called to section 432, p. 163, chapter 8 of the judicature act, the applicable part of which reads as follows:

"The plaintiff may join in one action, at law or in equity, as many causes of action as he may have against the defendant." * * * 3 Comp. Laws 1915, § 12309.

Causes of action are understood to be those "which are generally recognized and often defined as the fact or combination of facts giving rise to or entitling a party to sustain an action." *Otto* v. *Village of Highland Park*, 204 Mich. 74.    With this definition in mind, it will readily appear that this section of the statute does not refer to the joinder of actions, or to counts applicable to different actions.    It is limited by its language to the joinder of causes of action in one action.    It does not mean that one may join a cause of action in assumpsit with a cause of action in replevin; nor does section 4 of Circuit Court Rule No. 22 permit that practice.    This rule reads:

"SECTION 4. A count in trespass on the case may be joined with a count in assumpsit in an action of assumpsit, and a count in assumpsit may be joined with a count of trespass on the case in an action of trespass on the case.    And if after a verdict or judgment it appears in any action that an action of assumpsit should have been brought where an action of trespass on the case was brought, or an action of trespass on the case was brought where an action of assumpsit should have been brought, a new count in assumpsit or trespass on the case may

be added to the declaration by amendment and the verdict and judgment shall stand."

This rule, as well as the statute, permits the joinder of counts in assumpsit with counts of trespass on the case, but it has no reference to actions in replevin. The purpose of both trespass on the case and assumpsit is to recover damages only. There is no reason why counts in each should not be joined. Replevin is a special action to recover possession of property. It is not trespass on the case. The form of its declaration is provided by statute and the claims it presents are widely contradictory and inconsistent with the theory of either of the other actions. Circuit Court Rule No. 22 is not authority for the joinder of counts in the instant case.

From what we have said, the conclusion follows that the court erred in permitting the plaintiff to amend his declaration in the replevin suit by adding a count in assumpsit and in allowing him to recover the value of the lath in that action. The declaration in the two justice's court actions are sufficient to sustain the judgment in assumpsit. In the first of these the plaintiff is entitled to a judgment. In the second the defendant is entitled to a judgment of no cause for action. In the replevin suit the defendant is entitled to a judgment for the value of the property taken on the writ.

The judgment of the trial court is reversed and the cause remanded for the entry of a judgment in accordance with this opinion. The defendant will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.