BREWSTER LOUD LUMBER CO. *v.* GENERAL BUILDERS' SUPPLY CO.

JUDGMENT—EQUITY WILL NOT RELIEVE FROM JUDGMENT NOT RESULT OF FRAUD.

Where the seller of lath having a single cause of action to recover the purchase price, and no other remedy, mistakenly brought replevin and took part of the lath, and then split its cause of action by bringing two suits in justice's court, judgment in the first of which bars any further judgment, with the result that it has a judgment for only part of the lath and the buyer has a judgment against it in the replevin case, equity will not intervene to relieve it of said judgment, since the unfortunate situation is not due to fraud, but the seller alone produced it.

Appeal from Wayne; Miller (Guy A.), J.    Submitted June 12, 1928.    (Docket No. 95, Calendar No. 33,676.)    Decided July 24, 1928.

Bill by Brewster Loud, doing business as the Brewster Loud Lumber Company, against the General Builders' Supply Company to vacate a judgment at law.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Thomas A. E. Weadock,* for plaintiff.

CLARK, J.    Plaintiff sold and delivered to defendant a quantity of lath.    The price was $1,679.13, to recover which plaintiff had a single cause of action in assumpsit and no other remedy.    *Brewster Loud Lumber Co.* v. *Supply Co.,* 233 Mich. 633.    Mistakenly, plaintiff brought replevin, and nearly half of the lath was taken on the writ, return of which was waived by defendant and it had judgment against plaintiff

for value. *Brewster Loud Lumber Co.* v. *Supply Co.*, 228 Mich. 559. This was mistake, not election of remedy, and plaintiff might still have recovered for the lath but for the fact that it split its cause of action and brought two suits in justice's court. In the first it recovered judgment as of right for $373.42, and this judgment stands, a bar to any further judgment for the price. 233 Mich. 633.

The price has not been paid. Defendant has a judgment against plaintiff in the replevin case, and plaintiff has a judgment against defendant in the first suit begun in justice's court. To be relieved of the unfortunate situation, plaintiff filed this bill, which was dismissed, and it has appealed. The situation is not due to fraud. Plaintiff alone produced it. Equity can afford no relief.

The trial judge well said:

"This entire controversy has been litigated and determined on the law side of the court. Every remedy that the plaintiff here has by way of motion for new trial and review by the Supreme Court upon writ of error has been exhausted. As I read the decisions, they are to the effect that the remedies by error and motion for new trial afford a full, adequate and complete remedy at law and that a court of equity will not by its decree set aside the judgment of a court of law."

Decree affirmed, but without costs, as we have no brief from appellee.

Fead, C. J., and North, Fellows, Wiest, McDonald, and Sharpe, JJ., concurred. Potter, J., did not sit.