LOUD *v.* GENERAL BUILDERS SUPPLY CO.

1. Judgment—Splitting Cause of Action.

Where, in action for balance due on two carloads of lath, it was held, on review, that plaintiff's cause of action had been split and that action was barred by former judgment, said judgment is bar to present action, brought on theory that plaintiff had separate cause of action for each carload, which is inconsistent with his attitude in earlier case.

2. Action—Claims Due Under One Contract Must be Brought in One Action.

Where several claims are due and payable under one and the same contract at time of bringing suit, such claims must be brought in one action in order that defendant may not be harassed by multiplicity of suits.

3. Courts—Well-Established Salutary Rules Not Lightly Set Aside.

Public welfare requires that well-established salutary rules of law shall not be lightly set aside or overridden, notwithstanding regrettable results in individual case.

Error to Wayne; Miller (Guy A.), J. Submitted October 15, 1929. (Docket No. 88, Calendar No. 34,598.) Decided January 24, 1930.

Assumpsit by Brewster Loud, doing business as the Brewster Loud Lumber Company, against General Builders Supply Company, a Michigan corporation, for a quantity of lath furnished. From a judgment for defendant, plaintiff brings error. Affirmed.

*Thomas A. E. Weadock,* for plaintiff.

*Daniel P. Cassidy,* for defendant.

North, J. This suit arose out of a transaction which has already been before this court on three different occasions. *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.*, 228 Mich. 559; 233 Mich. 633, and 243 Mich. 557. Because they can be ascertained from the cases just cited, another detailed statement of the facts is unnecessary. Suffice it to note that pursuant to an order dated August 20, 1921, plaintiff sold and delivered to the defendant two cars of lath. The first car was billed at $835.63, delivered September 3, 1921, terms 30 days, with 2 per cent. discount for cash within 10 days after arrival. The second car was billed at $719.50, delivered September 8, 1921, terms 30 days, with 2 per cent. discount for cash within 10 days after arrival. Payment was not made. The first suit above cited was by replevin commenced November 2, 1921, incident to which plaintiff repossessed lath inventoried at $828.72. Some of the lath replevined came from each shipment. While in possession of the lath which were replevined, plaintiff started two justice court suits to recover for the balance of these shipments. In the first suit, which was started March 2, 1922, plaintiff recovered judgment for $373.42. In the second suit, commenced March 22, 1922, recovery was had for $396. In the replevin suit the defendant waived return of the property and asked judgment for the value of the lath seized under the writ. After review by this court (228 Mich. 559), the defendant in replevin obtained a judgment for $828.72 against the plaintiff herein. Also upon review in this court (243 Mich. 557), it was held that the plaintiff's cause of action had been split, and he was entitled to judgment only in the first justice suit in the amount of $373.42. Later, on retrial of this case, the amount of the judgment was increased to $664.10. In the

case of *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.*, 228 Mich. 559, it was said of this transaction:

"The account out of which this litigation arose was for a single consignment of goods, delivered on a single order. * * * It was a single contract entirely executed. A stated and rendered account to which as such no objection is made becomes liquidated and is not in contemplation of law an open account."

In the case reported in 243 Mich. 557, it was again held, concerning this same transaction, as follows (syllabus):

"Where the seller of lath having a single cause of action to recover the purchase price, and no other remedy, mistakenly brought replevin and took part of the lath, and then split its cause of action by bringing two suits in justice's court, judgment in the first of which bars any further judgment, with the result that it has a judgment for only part of the lath and the buyer has a judgment against it in the replevin case, equity will not intervene to relieve it of said judgment, since the unfortunate situation is not due to fraud, but the seller alone produced it."

Notwithstanding the foregoing decisions, plaintiff again instituted suit in the circuit court, basing his right to recover upon this same order for lath and the same shipments involved in the former cases. He again asserted the right to recover the unpaid portion of the purchase price for which suit had previously been brought. The defendant, under the plea of general issue, gave notice of the defense of former adjudication. The case was tried before the court without a jury, and at the conclusion of the

proofs judgment was entered for the defendant. Plaintiff reviews this judgment by writ of error. He cites *Stickel* v. *Steele,* 41 Mich. 350, and urges his right to recover under that authority, which sustained separate actions under the circumstances of that case.

There is an attempt on plaintiff's part to now claim he did not split his causes of action, but that instead he had a separate cause of action for each of the two cars of lath. He did not so treat the transaction in the earlier cases arising out of it. Even on the trial of the instant case, plaintiff's counsel stated to the circuit judge:

"We are suing for the balance due on the entire quantity of laths not covered by the judgment we already have."

The question is foreclosed as one already determined adversely to plaintiff in the former cases between these parties.

That there is confusion in the decisions as to splitting causes of action should be frankly admitted. However, in *Kruce* v. *Lakeside Biscuit Co.,* 198 Mich. 736, Justice Brooke reviewed many of the adjudicated cases, including *Stickel* v. *Steele, supra,* and definitely committed this court to the doctrine that, where several claims involved are due and payable under one and the same contract at the time of bringing suit, such claims must be brought in one action in order that the defendant may not be harassed by a multiplicity of suits. If, as appellant contends, the holding in *Stickel* v. *Steele, supra,* is otherwise, it has been overruled by the more recent decisions of this court. See, also, *Jensen* v. *Gamble,* 191 Mich. 233; *A. Krolik & Co.* v. *Ossowski,* 213 Mich. 1, and *Ginsburg* v. *McBride,* 248 Mich. 221.

It must be admitted that in the instant case a hardship has resulted to the plaintiff; but public welfare requires that well-established salutary rules of law shall not be lightly set aside or overridden notwithstanding regrettable results in an individual case.

"There is no principle of law which prohibits a person who has a claim against another from taking a part in satisfaction of the whole, and therefore he may maintain an action for a part only of the claim. But the rule is fully established that in the absence of an agreement to the contrary he cannot divide his claim and make it the subject of several actions. Hence if he sues for a part only of his claim a judgment obtained by him in the action is a bar to a second action for the residue of the claim, be it much or little, and irrespective of the question whether the second form of action was or was not identical with the first. The rule of law against the splitting of a single cause of action into several actions is founded upon the plainest and most substantial justice, that is, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits. It is the right of every litigant to have his cause once submitted to the arbitrament of the law; when it is there decided the peace of society demands that it should be at rest forever. It is a principle on which the repose of communities depends." 1 R. C. L. pp. 341, 342, citing many authorities from various jurisdictions.

The judgment of the lower court is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.