PADGHAM, Respondent, vs. WILSON MUSIC COMPANY,
Appellant.

*February 6—February 28, 1958.*

364

The cause was submitted for the appellant on the brief of *Williams, Williams & Meyer,* and for the respondent on the brief of *Jansen & Wallace,* all of Oshkosh.

CURRIE, J. Counsel for the defendant raise several issues on this appeal but we find it necessary to consider but one of these. Such issue is whether the new parol agreement of May 21, 1956, was void because of the failure to comply with the statute of frauds, sec. 121.04, Stats. Subs. (1) and (3) thereof, read as follows:

"(1) A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct, his assent to becoming the owner of those specified goods."

At the time the new agreement of May 21, 1956, was entered into, the original contract of sale was completely executed and title to the refrigerator-freezer had vested in the plaintiff as purchaser. Under such new agreement an option was granted to the plaintiff to rescind and recover back the $420 cash purchase price. In other words, such new agree-

ment constituted a "contract of rescission" as such term is employed by the text writers. We deem that the instant case is squarely ruled by the following extract from 2 Corbin, Contracts, p. 95, sec. 302:

"A contract for the sale of goods, therefore, will usually be regarded as an executed sale or as no sale at all. If not an executed sale, a contract of rescission is not within section 17. If it was an executed sale, the ownership of the goods passed to the buyer; and an agreement to rescind would in substance be one for the resale of the goods and would be within section 17 unless the agreed value was less than the statutory amount."

The statute section mentioned in the above quotation from Corbin is sec. 17 of the "Statute for the Prevention of Frauds and Perjuries" (8 Stats. at L., 29 Chas. II), enacted in 1676 by the English parliament. Our sec. 121.04, Wis. Stats., embodies the essential provisions of such sec. 17 of the English act. Cases supporting the above text quoted from Corbin are: *Walker & Rogers v. Malsby Co.* (1910), 134 Ga. 399, 67 S. E. 1039; *Easley v. Stewart* (1923), 131 Miss. 756, 95 So. 525; *Watkins v. Simplex Time Recorder Co.* (1944), 316 Mass. 217, 55 N. E. (2d) 203; *Brewster Loud Lumber Co. v. General Builders' Supply Co.* (1924), 228 Mich. 559, 200 N. W. 283; and *Rankins v. Grupe* (1885), 43 N. Y. (36 Hun) 481. See also 1 Williston, Sales (rev. ed.), pp. 344, 345, sec. 119; and Restatement, 1 Contracts, p. 299, sec. 222, illustration 2.

Inasmuch as the new oral agreement of May 21st is within the statute, our next inquiry is whether there was any subsequent act of the parties which took such agreement without the statute. It is suggested that the turning back by the plaintiff of the new refrigerator-freezer constituted a delivery which did accomplish such result. We are satisfied that this is not so. Such appliance was delivered over to the defendant seller in order to enable the latter to install a new freezing

unit and then return it. Mrs. Padgham testified that, when defendant called for the refrigerator-freezer on May 31st, she consented to the shelves and inner compartment thereof being left at the Padgham home. Furthermore, with reference to this incident of the picking up of such new appliance, she further testified:

"I knew it was more than seven days but I had been down to see Mr. Lorge and he said the wheels were in motion and I was trying to be reasonable and I thought at the end of the ten days he was going to bring it back in a day or two. I know it doesn't take very long to put a unit in."

The evidence would not support a finding that, when the defendant called for the refrigerator-freezer on May 31st, it took possession thereof for any other purpose than installing a new freezing unit and then returning the appliance to the Padgham home. Neither then nor at any time thereafter did the defendant accept such delivery for the purpose of effectuating a rescission of the original contract of sale. A plain reading of sec. 121.04, Stats., and particularly sub. (3) thereof, makes it clear that delivery without acceptance does not take the contract without the statute. This issue is squarely decided against the plaintiff by *Bacon v. Eccles* (1877), 43 Wis. 227, 237, wherein the court stated:

"We are thus brought to the question, Can any act of the purchaser of goods by a parol contract, otherwise void by the statute of frauds, amount to an acceptance of the goods which will satisfy the statute and save the contract, unless, by such act, the title to the goods becomes vested in the purchaser? We think the question must be answered in the negative. To hold otherwise would be to hold that the words 'accept' and 'receive,' as used in the statute, are synonymous. That construction of the statute is rejected by many of the best-considered cases, and by the best elementary writers on the subject; and to adopt it would be to perpetuate the evils which the statute was designed to remedy."

On this point, see also article by Lloyd J. Planert in 27 Marquette Law Review, 10, entitled, "The Statute of Frauds Affecting Sales of Goods," at page 19 *et seq.*, thereof.

It is, therefore, our considered judgment that the new agreement of May 21st, whether it be considered a modification of the original executed contract of sale, or an entirely separate agreement, was within the statute of frauds, and there was no acceptance of the delivery of the refrigerator-freezer which took such agreement without the statute. This will require reversal of the judgment unless there has been a waiver of such defense by the defendant.

Defendant's answer to the complaint denied the making of the new agreement of May 21st. Such denial was sufficient to raise the defense of the statute of frauds. *Holtan v. Bjornson* (1952), 260 Wis. 514, 519, 51 N. W. (2d) 719.

During the course of trial, Mrs. Padgham testified to the conversation between herself and defendant's manager, Lorge, on May 21st, which gave rise to the new agreement, without objection on the part of defendant's counsel. Plaintiff now contends that, the admission of such testimony of a parol agreement without an objection by opposing counsel, constituted a waiver by the defendant of its defense of the statute of frauds.

There is an annotation devoted to this issue in 15 A. L. R. (2d) 1330, entitled, "Failure to object to parol evidence, or voluntary introduction thereof, as waiver of defense of statute of frauds." It appears from such annotation that there is a division of authority on the question. The author of the annotation, at sec. 5 thereof, criticizes the courts which have held that a waiver occurs where no objection is made to the testimony disclosing the parol contract. Our sec. 121.04, Stats., provides that a parol contract for the sale of goods *"shall not be enforceable."* In *Holtan v. Bjornson, supra* (p. 519), we declared that the words *"shall not be enforceable"* are the equivalent of *"shall be void."* This being so,

if a party proves by parol testimony a contract falling within the statute of frauds, he has not met the burden of proof because such testimony merely establishes a void contract. There is no occasion for opposing counsel to object thereto.

We consider that the holding in the cases of *Popp v. Swanke* (1887), 68 Wis. 364, 31 N. W. 916, and *Brandeis v. Neustadtl* (1860), 13 Wis. *142, cannot be reconciled with the theory of waiver advanced by the plaintiff herein. The case of *Popp v. Swanke, supra,* involved an attempt to specifically enforce a parol contract for the sale of lands which was void under the statute of frauds. We quote from the opinion by Mr. Chief Justice COLE as follows (pp. 368, 369):

"But the same counsel suggests that it is too late to raise the objection that the contract is invalid, because the objection was not taken by the pleadings or evidence. But the objection, we think, is available as the record stands. . . . At the close of the trial the defendant's counsel requested the court to find as a fact that the contract was by parol, and as a conclusion of law that it was void under the statute. This was sufficient to raise the question as to the invalidity of the contract in the court below."

We, therefore, hold that there was no waiver of the defense of the statute of frauds in the instant case. The issue was properly raised by the defendant in the trial court, and was considered by the trial court in its memorandum decision.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.